## GARDNER *against* THOMAS.

Courts of this
state have ju-
risdiction of
actions brought
for *torts,* com-
mitted on board
of a *foreign* ves-
sel, on the *high
seas,* where both
parties are fo-
reigners; for
actions for per-
IN ERROR, on *certiorari,* to the justice's court of the city of *New-York.* *Thomas* brought an action against *Gardner,* in the court below, for an assault and battery committed on the plaintiff by *Gardner* on the high seas, on board the snow *Navigator,* of which *Gardner* was the master, and the plaintiff a seaman on

sonal injuries are of a *transitory* nature, and follow the person or *forum* of the defendant.

And though the injury is laid in the declaration to be *contra pacem,* &c., that is matter of form only, and not traversable.

But it rests in the sound discretion of the court to exercise jurisdiction or not, according to the circumstances of the case.

And where an action was brought for an assault and battery, committed on board of a *British* vessel, on the *high seas,* by a seaman against the master, both parties being *British* subjects, and intending to return to their own country at the completion of the voyage, the court refused to take cognizance of the cause, but left the injured party to seek redress in the courts of his own country.

board the same vessel. The defendant below pleaded in bar, that at the time of committing the supposed assault and battery, both the plaintiff and defendant were, and still are, *British* subjects, and that the cause of action, if any, accrued to the plaintiff on board the said snow *Navigator,* a *British* vessel, on the high and open seas, and out of the jurisdiction of the court of the said justices, and within the jurisdiction of the courts of the king of the *United Kingdoms* of *Great Britain* and *Ireland.* To this plea there was a general demurrer, and joinder; and, after argument, the court below gave judgment for the plaintiff on the demurrer, overruling the plea; and with leave of the court the defendant pleaded the general issue, upon the trial of which, judgment was given for the plaintiff.

*Caines,* for the plaintiff in errror. The plea of the defendant below was sufficient to bar the plaintiff's action. It gives another court in which the matter may be tried, and which has jurisdiction in the case.* Jurisdiction depends on the place or the person. The assault and battery, in this case, was committed by one *British* subject on another *British* subject, on board of a *British* merchant vessel on the high seas. For some purposes, a ship may be considered as part of the *territory* of the nation to which she belongs. And if so considered in this case, an action for the assault can no more be maintained here than if it had been committed in the streets of *London.* In the case of *Rafael* v. *Verelst,*† which will, probably, be cited on the other side, the defendant was a *British* subject, and when he came to *England,* within the jurisdiction of the courts of his country, he was held amenable to the plaintiff. And in *Moysten* v. *Fabrigas,*‡ the parties were both *British* subjects.

Again ; the action is laid *contra pacem* ; and though these words may be matter of *form,* in a case arising within this country between two of our own citizens, yet they are substantial, in a case like the present, arising on the high sea on board of a foreign ship, between two foreigners. The peace of this state has never been infringed; so the words could not be proved.

As to the case of *Glen* v. *Hodges,*§ the plaintiff was a citizen of this state, and went into *Vermont* to reclaim a runaway slave ; and though the defendant lived in *Vermont,* yet, by the constitution of the *United States,* the citizen of one state is a citizen

* *The King* v. *Johnson,* 6 *East's Rep.* 583. *Rea* v. *Heyden,* 5 *Tyng's Mass. Rep* 24., and notes, p. 35.

† 2 *W. Bl. Rep.* 1055.

‡ *Cowp.* 261.

§ 9 *Johns. Rep.* 67.

ALBANY,
January, 1817.

GARDNER
v.
THOMAS.

*2 N. R. L. 381,
382 sess. 36. ch.
86. s. 106.

of all the *United States.* Neither the states nor their citizens are foreign to each other, in this respect.

*Anthon,* contra. The act of the legislature constituting the justice's court in the city of *New-York,** gives to the court jurisdiction of all actions of assault and battery, or false imprisonment, committed by masters of merchant vessels on any person on board of any such vessel on the high seas, or in any foreign port or place where the ship may then be. This is, no doubt, a portion of the admiralty jurisdiction. The jurisdiction does not depend on the person of the party, whether he be a citizen or a foreigner. The only doubt on the subject was that thrown out by Lord *Mansfield,* in *Moysten* v. *Fabrigas;* and that doubt was removed by the express adjudication of the court of K. B. in *Rafael* v. *Verelst,* that *personal* injuries are of a transitory nature, *et sequuntur forum rei;* and though the injury is laid *contra pacem regis,* yet that is only matter of *form,* and not taversable: and if any doubt could have existed here, it must be entirely removed by the decision of this court in *Glen* v. *Hodges,* in which the doctrine of the cases of *Moysten* v. *Fabrigas,* and *Rafael* v. *Verelst* is fully recognised, that personal actions are transitory, and *sequuntur forum rei;* and the *forum rei* is wherever the defendant can be found.

*Caines,* in reply. As to this being a portion of admiralty jurisdiction, given to the court below, by statute, that does not alter the case. No country legislates but for its own citizens. This country does not pass laws for the rest of the world; or to regulate the conduct of the subjects or citizens of other countries. If the legislature had given the court of oyer and terminer authority to try all crimes committed on the high seas, could murder committed on board of a foreign ship, be tried here?

† 2 Salk. 626.

In *Incledon* v. *Burgess,*† it was held that, in trespass, the words *contra pacem regis* were substance. An action for an *escape* is a transitory action; but could the sheriff of *London,* if he happened to come to this country, be sued for an escape here?

YATES, J., delivered the opinion of the court. This cause comes up on *certiorari* to the justices' court in *New-York.* The action was for an assault and battery. The defendant pleaded

ALBANY,
January, 1817.

GARDNER
v
THOMAS.

that the assault and battery (if any) was committed on board of a *British* vessel upon the high seas, and that the plaintiff and defendant were both *British* subjects, one the master, and the other a sailor, on board the same vessel. To this plea there was a demurrer and joinder, on which judgment was given for the plaintiff below.

The question presented by this case is, whether this court will take cognizance of a *tort* committed on the high seas, on board of a foreign vessel, both the parties being subjects or citizens of the country to which the vessel belongs.

It must be conceded that the law of nations gives complete and entire jurisdiction to the courts of the country to which the vessel belongs, but not exclusively. It is exclusive only as it respects the public injury, but concurrent with the tribunals of other nations, as to the private remedy. There may be cases, however, where the refusal to take cognizance of causes for such *torts*-may be justified by the manifest public inconvenience and injury which it would create to the community of both nations; and the present is such a case.

In *Moysten* v. *Fabrigas*, (*Cowp.* 176.,) Lord *Mansfield*, in his opinion there stated. is sufficiently explicit as to the doctrine, that for an injury committed on the high seas, circumstanced like the one now before us, an action may be sustained in the court of King's Bench; he only appears to doubt whether an action may be maintained in *England* for an injury in consequence of two persons fighting in *France*, when both are within the jurisdiction of the court. The present action, however, is for an injury on the high seas; and, of course, without the actual or exclusive territory of any nation.

The objection to the jurisdiction, because it must be laid in the declaration to be against the peace of the people, is not sufficient, for that is mere matter of form, and not traversable. In *Rafael* v. *Verelst*, (2 *Black.* *Rep.* 1058.,) *De Grey*, chief justice, says, that personal injuries are of a transitory nature, et *sequuntur forum rei;* and though, in all declarations, it is laid *contra pacem*, yet that is only matter of form, and not traversable.

It is evident, then, that our courts may take cognizance of *torts* committed on the high seas, on board of a foreign where both parties are foreigners; but I am inclined · must, on principles of policy, often rest in the sound discretion of

ALBANY,
January 1817.

SALTUS
v.
OCEAN INS. Co.

the court to afford jurisdiction or not, according to the circum-stances of the case. To say that it can be claimed in all cases, as matter of right, would introduce a principle which might, often times, be attended with manifest disadvantage, and serious injury to our own citizens abroad, as well as to foreigners here. Mariners might so annoy the master of a vessel as to break up the voyage, and thus produce great distress and ruin to the owners. The facts in this case sufficiently show the im-propriety of extending jurisdiction, because it is a suit brought by one of the mariners against the master, both foreigners, for a personal injury sustained on board of a foreign vessel, on the high seas, and lying in port when the action was commenced, and, for aught that appears in the case, intending to return to their own country, without delay, other than what the nature of the voyage required. Under such circumstances, it is manifest that correct policy ought to have induced the court below to have refused jurisdiction, so as to prevent the serious conse-quences which must result from the introduction of a system, with regard to foreign mariners and vessels, destructive to com-merce; since it must materially affect the necessary intercourse between nations, by which alone it can be maintained. The plaintiff, therefore, ought to have been left to seek redress in the courts of his own country on his return. The judgment, for these reasons, may be deemed to be improvidently rendered in the court below, and is, therefore, reversed.

*Judgment of reversal.*