## Case No. 10,644.

### The PACIFIC.

[Blatchf. & H. 187.] [1]

District Court, S. D. New York. Dec. 10, 1830.

ADMIRALTY — SUIT AGAINST FOREIGN VESSEL FOR WAGES.

1. Where a seaman, a native and subject of Hayti, had shipped in that country for a voyage "to New-York," and the master had given security to return him to St. Domingo, the port at which he shipped: *Held*, that he could not sue in New-York for his wages, no special cause being shown for his suing, or for his leaving the vessel, the vessel being about to return to St. Domingo, and the master offering him a passage.

2. The question of the right of a seaman to sue his vessel or its officers in a foreign port, considered.

[Cited in The Topsy, 44 Fed. 635.]

This was a libel in rem for seaman's wages. The answer alleged that the master was bound to return the libellant to St. Domingo, and that the wages were not due until his arrival there; and it was so stipulated in the shipping articles. The libellant was a native and subject of Hayti, and shipped there, conformably to the laws of that country, for the present voyage. The shipping articles were authenticated before public functionaries of that country, and the master was required to give security to return the seamen, though the voyage was described in the articles as "to New York."

BETTS, District Judge. The voyage in this case is not broken up or discontinued, the ship being bound back to her home port, and no special cause has been assigned by the libellant for leaving the ship or for bringing this action. The master has given security to return the libellant to St. Domingo, and the court cannot say what is the import of the shipping articles by the laws of Hayti, or whether the municipal laws of that country do not impose reciprocally upon the seamen the obligation to return. The articles them-

[1] [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

selves do not require the seamen to remain by the ship, nor do they authorize them to leave at intermediate ports. On these points they are silent, requiring, however, in case of the death or desertion of a seaman at a foreign port, that the master shall procure a certificate of the fact from competent authorities at the place where the death or desertion shall occur.

There are obvious objections to allowing a suit like this to be brought at an intermediate port, (as New-York must be considered, though the articles do not expressly show it,) when the seaman's remedy will be open to him on his arrival in St. Domingo, and when no particular reason exists for his suing here. It cannot be a matter of right for a seaman to maintain an action for wages in a foreign port against his ship. It may be, that the laws of his own country or his shipping contract may secure to him the privilege of claiming wages at each port of delivery on the voyage. Still, it would be a matter of comity and not of obligation with foreign tribunals, whether they would take cognizance of the demand. Maritime courts are not considered open as of right for a foreign seaman to prosecute his ship or its officers, on causes of action arising out of the voyage or out of his contract; and, upon high considerations of policy affecting the trade and navigation of all commercial communities, an action calculated to impede or break up a voyage, and probably cause the sale of the ship abroad, will not be entertained in favor of a seaman whilst he is connected with his vessel, except in most urgent cases. Gardner v. Thomas, 14 Johns. 134; Johnson v. Dalton, 1 Cow. 543. If a seaman is discharged and left destitute in a foreign port, the judicial authorities there might afford him the means of compelling his ship or its master to satisfy his dues, or render him compensation for his wrongs. The Courtney, Edw. 239. But this case is not of that character. Upon the facts as they appear, and since the vessel is about to return, and the master offers a passage to the libellant, I shall dismiss the libel.