# ADDISON COUNTY.

## JANUARY TERM, 1842.

Present, Hon. CHARLES K WILLIAMS, *Chief Justice*
" JACOB COLLAMER,
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT.

LEVI ROCKWOOD *v.* GAIUS A. COLLAMER AND ABRAM B. HUNTLEY.

A sale of personal property, raised and kept on a farm by a tenant, is void against his creditors, if it is still kept by him on the farm, notwithstanding the owner of the farm agrees to keep it for the vendee, when such owner is not in actual possession.

TRESPASS, for taking one yearling heifer, two calves and five swine. Plea, not guilty, with notice of special matter. Issue to the country.

On the trial in the county court, it appeared that, on the ninth day of July, 1839, Reuben Rockwood owned the property in question and being indebted to the plaintiff, sold it, on that day, to the plaintiff, for its fair value, at the house of Samuel H. Holly, and Holly agreed to keep it for the plaintiff.

In the spring of 1839, the said Reuben took a farm of said Holly, for the ensuing year, under a parol agreement that Holly should stock the farm with sheep, and a team, and the parties were to have a joint interest in the wool that should

be sheared from the sheep and in their increase, and in the crops that should be raised on said farm, and if there should be a surplus of pasturage, or hay, beyond what was necessary for the stock put on to the farm for their joint benefit, each party was to put on an equal amount of private stock for their indivdiual benefit.

The said Reuben had resided for some three years previously to 1839, upon said farm, and continued to reside there until the 29th of July, 1839, as the tenant of said Holly. Two days previous thereto, Holly leased the farm to one Tuttle, and on said 29th day of July, 1839, Tuttle moved on to the farm, and bought said Reuben's interest in the grain crops then growing thereon. In the spring of 1839, the said Reuben gave notice to Holly that he could not go on with the farm and must give it up, and thereupon Holly endeavored to procure some other person to take the farm.

The cattle, in question, had been raised on said farm, by said Reuben, and kept there as his private property. The swine were also his private property, he having procured them by an exchange. At the time of the sale of the property to the plaintiff, the cattle were in the pasture on said farm, where they had previously been with other cattle belonging to Holly, and were kept there until they were attached by the defendants. The swine, at the time of the sale, were, and continued to be, kept near the house occupied by said Reuben, on said farm. Holly did not reside on this farm, but resided on another, in the vicinity, and had never seen any of the property in question after the sale, until after the attachment. The property was attached while on said farm, occupied by said Reuben, by the defendant, Collamer, on a writ of attachment in favor of the defendant, Huntley, against said Reuben, on the 12th day of July, 1839, and was afterwards sold on a writ of execution, issued on a judgment obtained in the same case, as the property of said Reuben.

The county court, by consent of counsel, directed the jury, *pro forma*, to return a verdict for the plaintiff, under a rule that if, from the facts stated, the supreme court should be of the opinion that the plaintiff was not entitled to recover, the judgment should be reversed, and a judgment rendered for the defendants.

The jury returned a verdict for the plaintiff and the defendants excepted to the charge of the county court.

*Starr & Bushnell,* for defendants.

1. There being no change of the possession after the pretended sale of the property in question, by Reuben Rockwood to plaintiff, on the 9th of July, the attachment of the defendants, on the 12th of July, must hold. The property remained in the possession of Reuben Rockwood precisely as it had been before the sale to plaintiff. *Morris et al v. Hyde,* 8 Vt. R. 352. *Farnsworth v. Shepard,* 6 Vt. R. 521. *Gates v. Gaines,* 10 Vt. R. 346. *Moore v. Kelley,* 5 Vt. R. 34. *Judd & Harris v. Langdon,* 5 Vt. R. 231.

2. The notice given by Reuben Rockwood to Holly, his landlord, in June previous to the attachment, " that he could not go on with the farm but must give it up," does not vary the case ; as he remained on the farm as before, *sole tenant,* until after the attachment.

3. Holly, the landlord, after the notice given to him by Reuben Rockwood, did not resume the possession of the farm in any manner. He was, as the case states, looking out for another tenant, and did not even make his contract with Tuttle until after the attachment by defendants. Tuttle took possession of the farm on the 29th July, Reuben Rockwood remaining in possession to that time.

*U. H. Everest,* for plaintiff.

The plaintiff contends that there was no necessity of his moving the property from the place where it was at the time of his purchase, to protect it from the creditors of Reuben Rockwood. It has long been settled that property, not in the actual possession of the vendor, at the time of the sale, but in the possession and in the keeping of a third person, needs no formal delivery, nor removal, by the vendee, in order to protect it from the creditors of the vendor. *Barney v. Brown,* 2 Vt. R. 374. *Harding v. Janes,* 4 Vt. R. 462. *Pierce v. Chipman,* 8 Vt. R. 334. *Wilson v. Hooper & Downer,* 12 Vt. R. 653.

The fact that Reuben Rockwood previously lived on the farm of Holly, and carried it on, and raised the property in question on said farm, is wholly immaterial, inasmuch

Rockwood
v.
Collamer *et al.*

as he notified Holly, in June 1839, and before the sale, that he could not carry on the farm longer, and that he, Holly, must look up some other person to carry it on, which Holly did, so that Reuben Rockwood, from that time, had no control over the farm whatever, except his interest in the grain crops, which he afterwards sold to Tuttle, to whom Holly had let the farm.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It becomes necessary again to reiterate the principle of law, so often recognized and decided, that a sale of personal property, not attended and accompanied with a visible, substantial change of possession, is void and inoperative against the creditors of the vendor. The debtor, Reuben Rockwood, lived on the farm of Samuel H. Holly, raised the cattle, to recover for the taking of which this action was brought, and received swine, in exchange for other property, which had also been kept on the farm. All the property in controversy had been there kept, in the custody, care and control of Reuben Rockwood, until it was attached on the 12th day of July, 1839, by the defendants. On the ninth of the same July, the sale was made to the plaintiff, under which he claims this property. But inasmuch as the possession still continued in Reuben Rockwood, the debtor and vendor, the sale was inoperative as to the creditors of the latter.

The attempt to bring this case within the principle, established in the case of *Barney* v. *Brown*, 2 Vt. R. 374, cannot succeed, as Holly had not, at the time of the sale, nor when the attachment was made, actual possesion, either of the farm or the property attached, and did not put any other tenant than Reuben Rockwood on to the farm until the 29th of July, after both the sale and attachment, until which time, Reuben Rockwood lived on the farm, and there kept the cattle and swine.

The judgment of the county court is reversed.