MARTIN vs. HILL.

A pair of oxen, &c. were mortgaged to A., the plaintiff, by B. to secure a debt B. owed to A., payable at a future day. B. retained possession of the property, but the mortgage was duly filed in H., the town in which B. lived. B. took the property into F., an adjoining town in Vermont, for a temporary purpose, and without the knowledge of A., where it was seized and sold by the defendant, a constable of the town of F., by virtue of an execution issued upon a judgment before then recovered there against B. in favor of citizens of F. By the laws of Vermont, a mortgage of personal property, unaccompanied by possession, is fraudulent and void as against creditors. In a suit by A. against the constable for the property, the jury having found that the mortgage was not fraudulent, *Held,* that the nature, construction, obligation and effect of the mortgage must be determined by the laws of this state; and that the plaintiff was entitled to judgment.

The laws of another state or country, have no force here, *ex proprio vigore,* but merely *ex comitati.*

But our courts steadily adhere to the rule, that by the comity of nations, the *lex loci contractus* controls as to the validity and construction of personal contracts; though not as to the remedy or rules of evidence; nor when it clashes with the rights of our own citizens; nor for the purpose of enforcing the criminal or revenue laws of another country.

Actions for injuries to personal property are local. But courts, in taking cognizance of injuries committed out of the state, will be governed by the laws of the country where the cause of action arose. And if the act be lawful there, as a general rule, it will be held to be so here. It does not follow, however, that that principle, in ascertaining the title to property, will supersede the *lex loci contractus.*

Martin *v.* Hill.

The interest acquired under a mortgage of personal property, valid here, will not be divested by proceedings *in invitum* in another state, to which the property may happen to be taken for a temporary purpose by the mortgagor, instituted by the creditor there; particularly if no new credit is given in consequence of the possession of the mortgagor.

THIS was an action to recover the value of a pair of oxen, ox cart and yoke, tried at the Washington circuit, in June, 1851, before Hon. A. C. Hand, J. The plaintiff proved that one Ashley R. Millard was indebted to him, and on the 30th of April, 1850, gave him a promissory note for the sum of $73,77 payable one day after date, and at the same time a chattel mortgage on the property in question, payable on the 1st day of April, 1851, with interest, being for the same debt specified in the note. The mortgage, which gave authority to the mortgagee to take possession of the property at any time, was filed in the office of the town clerk of Hampton, in Washington county, on the 10th day of June, 1850. Both the mortgagor and mortgagee, at the time of the execution of the mortgage, and of the taking of the property by the defendant, were residents of this state, the mortgagor still residing in Hampton. The property was suffered to remain in the possession and use of the mortgagor. Some time in September, 1850, while the latter was using it in the town of Fairhaven, in Vermont, a town adjoining Hampton, the defendant, who was a constable of the town of Fairhaven, levied upon and sold it, by virtue of an execution in favor of some citizens of Fairhaven, who before that time, had obtained a judgment against Millard, in that state. The defendant proved by competent witnesses, that by the law of Vermont, mortgages of personal property, unaccompanied by change of posssesion, are void as against creditors. The jury found for the plaintiff, and that the mortgage was not fraudulent in this state; or, in other words, that the mortgagee had shown a sufficient excuse for not taking possession of the property.

*J. Potter*, for the plaintiff, moved for judgment upon the verdict.

*I. W. Thompson*, contra.

Martin v. Hill.

HAND, J. The note having been made here, and specifying no place of payment, the law of this state determines its nature, construction, obligation and effect. And the same rule applies to the mortgagee. (*Story's Confl. of Laws,* § 317. *Chitty on Cont.* 91. 2 *Kent,* 454.) The validity of the mortgage, then, depends upon our law. The mortgage having been filed, and the jury having found for the plaintiff on the question of fraud, on this motion for judgment, on the verdict, it must be taken for granted that the mortgage is valid in this state. What view might be taken of this question, upon a case showing the circumstances under which the jury found it not fraudulent, is not important on this motion.

No consent by the plaintiff that the mortgagor should take the property out of the state, or knowledge of the plaintiff that he had done so, were shown; nor did it appear that the defendant or the Vermont creditors, had actual knowledge of the mortgage. But it was shown that, by the laws of Vermont, neither a vendee or mortgagee of chattels out of possession, as a general rule, can hold them as against creditors. (*And see Rockwood* v. *Collamer,* 14 *Vt. Rep.* 141; *Kendall* v. *Samson,* 12 *Id.* 515; *Lynde* v. *Melvin,* 11 *Id.* 686; *Gates* v. *Gaines,* 10 *Id.* 349; *Woodward* v. *Gates,* 9 *Id.* 361; *Farnsworth* v. *Shepard,* 6 *Id.* 521.) The question then is, does the judgment and execution in Vermont protect the defendant in this suit? Have the creditors in Vermont, or the mortgagee in New-York, the better right? The plaintiff has the advantage of litigating in the courts of his own domicil, and to enforce a right arising upon a contract made here. And it is a familiar principle, that the laws of another state or country, have no force here, *ex proprio vigore,* but merely *ex comitati.* Still our courts steadily adhere to the rule already laid down, that by the comity of nations, the *lex loci contractus* controls as to the validity and construction of personal contracts; though not as to the remedy, or rules of evidence; nor when it clashes with the rights of our own citizens; nor for the purpose of enforcing the criminal or revenue laws of another country. (*See the authorities before cited, and Comm. of Ken.* v. *Bassford,* 6 *Hill,* 526. *Green-*

wood v. *Curtis,* 6 *Mass. Rep.* 358. *Lincoln* v. *Battelle,* 6 *Wend.* 485. *Potter* v. *Brown,* 5 *East,* 124. *Harrison* v. *Sterry,* 5 *Cranch,* 301. *Aspden* v. *Nixon,* 4 *How. U. S. R.* 498. *Folliot* v. *Ogden,* 1 *H. Bl.* 123. *Hunter* v. *Potts,* 4 *T. R.* 182. *Le Chevalier* v. *Lynch, Doug.* 170. *Trimly* v. *Vignier,* 1 *Bing. N. C.* 151. *Brit. Tin Co.* v. *Drummond,* 10 *B. & C.* 903. *De La Vega* v. *Vianna,* 1 *B. & Ad.* 284. *Huber* v. *Steiner,* 2 *Bing. N. C.* 202. 1 *Smith's Lead. Cas.* 367. *Dow* v. *Lippman,* 5 *Cl. & Fin.* 1. *Whittemore* v. *Adams,* 2 *Cowen,* 626. *Andrews* v. *Herriot,* 4 *Id.* 508, 510, *and note.* *Wolfe* v. *Oxholm,* 6 *M. & Sel.* 99. *Warrender* v. *Warrender,* 9 *Bligh,* 119. *Scoville* v. *Canfield,* 14 *John.* 338. *Peck* v. *Mayo,* 14 *Vt. Rep.* 33.) It follows that the courts of Vermont would have considered this mortgage valid there, if valid here. The cases of *Peck* v. *Mayo, supra,* and *Baylies* v. *Houghton's Trustees,* (15 *Vt. Rep.* 626,) sustain the position. So that if this case depends upon the *lex loci contractus,* it seems to me the plaintiff must succeed; and then, there is no conflict of law. I am aware of the case of *Woodward* v. *Cheney,* (9 *Vt. Rep.* 358.) In that case, the property was purchased in New Hampshire, of the plaintiff, who resided there. And the purchaser, who resided in Vermont, mortgaged it back for the purchase money, and took it to Vermont, where it was seized by the defendant on an attachment. By the law of New Hampshire, a mortgage of personal property is invalid when unaccompanied with possession, unless "recorded in the office of the clerk of the town where the *mortgagor* shall reside at the time of making the same." This was recorded in the town in which the mortgagee resided. It was held that the plaintiff could not recover. And Williams, Ch. J., in delivering the opinion of the court, said, "if the statute had been complied with, my individual opinion is, that it could not have availed the plaintiff. But the cause was mainly argued by the defendant on the ground that the mortgage had not been duly recorded, and upon that I understand the court to have decided." Indeed, the language used by the learned chief justice, rather implies that the above remark was not the opinion of the court; and certainly it was

Martin *v.* Hill.

entirely *obiter.* For the mortgagor and purchaser lived in Vermont, and took the property to his residence, and the plaintiff's mortgage was invalid, as to the defendant, by the *lex loci contractus.*

An action for injuries to personal property is transitory. (*Story's Conf. Laws,* § 554. *Lister* v. *Wright,* 2 *Hill,* 320. 1 *Chit. Pl.* 250. *Mostyn* v. *Fabrigas, Cowp.* 161, *and Skinner* v. *E. India Co, cited by counsel, p.* 198. *And see Johnson* v. *Dalton,* 1 *Cowen,* 545 ; *Dowlson* v. *Mathews,* 4 *T. R.* 503, *Buller J. ; Gardner* v. *Thomas,* 14 *John.* 134.) Though courts in taking cognizance of injuries committed out of the state, will, in adjudicating upon them, be governed by the laws of the country where the cause of action arose. And if the act was lawful there, as a general rule, it will be held to be so here. (*See Mostyn* v. *Fabrigas, supra, and notes to that case, in Smith's Lead. Cas.* 340.) It does not follow, however, that that principle, in ascertaining the title to property, will supersede the *lex loci contractus.*

But if the cause is put upon the ground of a conflict of law, I am inclined to think the plaintiff must succeed. Should a mortgage upon personal property, valid by the law of the domicil of the owner, have a preference over creditors in another state, where such liens are not valid as against them ? It seems it has not in Louisiana, where the civil law prevails. (*Story's Conf. of Laws,* § 386, *et seq.*) But I find no authority sustaining that rule, either in England or in this state. On the contrary, if a lien is good, notwithstanding it is unaccompanied by possession, where the lien is created, it seems contrary to reason, that a creditor should gain a priority by proceedings *in invitum* in any other state, to which the property may happen to be taken for temporary purposes. Particularly where no new credit has been given in consequence of that possession. It becomes merely a question of priority ; and this the mortgagee has, and may retain. The attaching creditor can not deprive the mortgagee of his vested title or interest, which has attached *in rem.* (*Inglis* v. *Usherwood,* 1 *East,* 515. *Story Conf. of Laws,* §§ 402, 391. *And see Turner* v. *Trustees of Liverpool*

---

Martin *v.* Hill.

---

*Docks*, 6 *Eng. L. and Eq. Rep.* 507.)   Even the assignees of a bankrupt will hold property against a creditor attaching it in a foreign country ; certainly, if the creditor has the same domicil with the bankrupt. (*Hunter* v. *Potts*, 4 *T. R.* 182.   *Sill* v. *Worswick*, 1 *H. Bl.* 605.)   In some cases a *bona fide* purchaser, under a judicial sale of the property in a foreign state, acquires title. (*Grant* v. *McLachlin*, 4 *John.* 34.)   And a debt collected by a foreign attachment, can not be again collected of the debtor. (*Sills* v. *Worswick*, *supra. Le Chevalier* v. *Lynch*, *Doug.* 170, *Holmes* v. *Remsen*, 20 *John.* 229.)   But the defendant in this case, is in no sense a bona fide purchaser.   An additional circumstance in favor of this plaintiff is, that at the time this mortgage was made, not only were both parties to it residents here, but this was then the place *rei sitæ*.   And that has not been changed with the plaintiff's consent ; nor has he since done any thing to impair his rights.   Even in Louisiana, when the transfer was between two residents of this state, and took place while the vessel was at sea, and before she arrived at New Orleans, it was held valid against an attaching creditor there, who attached before delivery to the vendee. (*See Story's Conf. of Laws*, § 391, *and cases there cited.*)   And a mortgage is only a conditional sale, or conditional title. (4 *Kent*, 138. 2 *Story's Eq.* § 1030.   2 *Ves. Jr.* 378, *and notes.   Patchin* v. *Pierce*, 12 *Wend.* 63.)

The clerk must enter judgment for the plaintiff, upon the verdict.

[WASHINGTON SPECIAL TERM, June 16, 1851.   *Hand,* Justice.]