ILLIUS *against* THE NEW-YORK AND NEW HAVEN RAILROAD
COMPANY.

An appeal does not lie from an order of the supreme court removing an action
commenced therein to the United States court on the ground that the defen-
dant is a citizen of another state.

The order does not determine the action and prevent a judgment therein, nor
does it affect a substantial right within the meaning of § 11 of the Code.

MOTION TO DISMISS APPEAL.   The action was commenced
in the supreme court of this state by the plaintiff, a citizen
of New-York, against the defendant, a corporation chartered
by the legislature of Connecticut.   The defendant obtained
from the supreme court in the 1st district an *ex parte* order
removing the cause to the circuit court of the United States,
pursuant to the twelfth section of the judiciary act of the
United States, on the ground that the defendant was a
citizen of another state.   On a motion to show cause the
supreme court at special term refused to vacate the order,
and the general term affirmed that decision.   The plaintiff
took an appeal to this court, which the defendant moves to
dismiss.

*W. C. Noyes*, for the motion.

*J. Larocque*, opposed.

COMSTOCK, J.   We are of opinion that the case is not
within the eleventh section of the Code, and therefore that
the appeal must be dismissed.   If the order of the supreme
court effectually transferred the cause to the United States
court, then, undoubtedly, it "prevented a judgment" in
the state court.   It did not however "determine the
action," but sent it merely to another tribunal.   Moreover,
in the view suggested, it did not affect a "substantial right'

3 KERN.—38

Illius *against* The New-York and New Haven Railroad Co.

within the meaning of the Code. Whatever ground of preference the plaintiff may have for one tribunal over another the *right* supposed to be affected must relate to the merits of the controversy, in the court below, and these are, in theory at least, as safe in the federal as in the state courts.

It was claimed, however, on the argument of the motion, that the order transferring the cause was wholly inoperative, on the ground that the case was not within the judiciary act above referred to. The circuit court therefore, it was urged, will acquire no jurisdiction, and hence the action is determined everywhere. To this it may be answered that the United States circuit will either assume jurisdiction of the suit and proceed to judgment, or it will not. If it does, then certainly the action has not yet been determined. If it refuses to do so, then the order complained of will be vacated and the case will proceed in the supreme court. The question of jurisdition must be decided by the circuit court itself, and however it may decide we cannot see that the suit will not proceed in one court or the other.

Appeal dismissed.

END OF CASES DECIDED AT MARCH TERM.