## NEW YORK SUPERIOR COURT.

### ANNIE McIvor agt. JOHN H. McCABE.

The courts of this state have *jurisdiction* of actions for *personal injuries* inflicted in *any of the states* of the union, and are bound to entertain such action between citizens of those states.

*New York Special Term, August,* 1863.

MOTION to vacate order of arrest. The action is brought to recover for personal injuries. The injuries were inflicted in the state of New Jersey, while the parties were both residents of that state.

The motion to vacate the order of arrest is made upon the sole ground that this court has not jurisdiction of the cause of action.

R. H. HUNTLEY, *for the motion.*
EDWIN JAMES, *opposed.*

Monell, Justice.   Except so far as the place of trial of actions for injuries to the person has been regulated by statutes (1 *R. L.* 325; 2 *R. S.* 409), such actions have always been regarded as transitory and triable in any county where the plaintiff might elect to bring his action; (*Co. Lit.* 282; 1 *Wils.* 336) and it is not disputed that in this state an action of this nature may be tried in another and different county from the one in which the cause of action arose.   But it is insisted that this is the limit of the jurisdiction, and that our courts cannot take cognizance of cases arising in a foreign country or neighboring state.

The common law jurisdiction of the superior court, except in its territorial limitation, is co-equal with that of the supreme court; hence any action which the latter court may entertain is triable in this court, provided the defendant resides, or can be served with process, within this county.

Every court is primarily the judge of its own jurisdictional powers, and may assume them or decline them, in the exercise of a sound discretion, in all cases, subject only to correction by an appellate court; and I am not aware that it has ever been held by any court, in any country, that there is any other controlling power.

Whether, therefore, the court will afford jurisdiction in cases of trespass occurring out of the state, may be said to rest in discretion merely, and may be denied whenever substantial justice may require it; but I have not been able to find any case (with a single exception) in which it is held that the courts may not entertain the action, irrespective of any question of injustice to the parties, and were bound to deny itself jurisdiction.

The cause of action in this case arose in the state of New Jersey, and there are courts in that state of competent power to afford the plaintiff redress for the wrongs and injuries she has suffered; and the convenience of both parties and witnesses would doubtless be promoted by a

resort to the tribunals of that state. But the jurisdiction of the New Jersey courts is not exclusive, and the parties coming here may subject themselves to the process of our courts, and are liable in pecuniary damages, although the injury was done in the neighboring state.

So far as the acts of the defendant tended to a breach of the public peace, they were local, and cognizable only in the local courts; but the personal wrong to the plaintiff, for which she is entitled to redress, is transitory, and within the jurisdiction of our courts.

I cannot see any soundness in the argument that courts ought not, and therefore should not afford jurisdiction to this class of cases, merely because the tribunals of the country or state where the transaction occurred are ample to give redress. Such an argument may be addressed with force to the *discretion* of the court, where the resort to our courts may work great hardship and injustice to the party. But with ample power to procure the testimony of foreign witnesses, and to secure a fair and impartial trial, few cases could be suggested in which such an argument should prevail.

In this case, if jurisdiction rested in discretion merely, I could not upon this motion interfere with its exercise by the justice who granted the order of arrest, he having thereby determined that it was a proper case to be entertained by this court.

The question has frequently arisen in this state, and been decided with great uniformity, sustaining the jurisdiction in this class of cases. A brief review of some of the cases will exhibit the views entertained by our supreme court on the subject.

The earliest case is *Glen* agt. *Hodges*, (9 *John. R.* 67,) which arose in 1810. The action was trespass *vi et armis* for taking the plaintiff's slave out of plaintiff's possession. The trespass was committed in the state of Vermont. The question of jurisdiction was directly involved and raised. The court say : " There can be no objection to an action

of trespass being brought here, though the act happened out of the state. The injury concerned the rights of personal property. The act was not a public offence, nor did it touch the rights of real property. It was of a transitory nature; and it is an established principle that such personal actions may be laid where the defendant is to be found."

In the next case of *Gardner* agt. *Thomas*, (14 *John. R.* 134,) the plaintiff and defendant were British subjects, and the injury was committed on the high seas on board of a British vessel, and the court entertained jurisdiction of the action, declaring that the courts of this state had concurrent jurisdiction with those of Great Britain, as to the private remedy.

In *Smith* agt. *Bull*, (17 *Wend.* 323,) the assault and battery was committed in the state of Pennsylvania, and a motion to non-suit on the ground that an action cannot be sustained here for an injury happening abroad, was denied, and the decision afterwards affirmed by the court in *banc.*

In *Lister* agt. *Wright*, (2 *Hill*, 320,) the action was for slanderous words spoken in *Canada*, and the jurisdiction was sustained. The learned Judge BRONSON suggests a doubt whether they *ought* to take cognizance of the action, if the parties were British subjects; but that question did not arise, as the parties were citizens of this state.

*Wilson* agt. *Mackenzie*, (7 *Hill*, 95,) went off on other grounds, but the court held to the rule laid down in *Gardner* agt. *Thomas*, *supra*, and sustained the jurisdiction against a strong appeal to the discretionary powers of the court, quoting from SPENCER, Ch. J., in *Percival* agt. *Hickey*, (18 *John. R.* 257,) that the court was not at liberty to assume or decline jurisdiction upon speculative grounds, or for reasons of public policy.

The rule is also fully recognized in *Beach* agt. *The Bay State Company* (27 *Barb. R.* 248).

The leading English case of *Fabrigas* agt. *Mostyn* (1 *Cowp.* 176) is cited as authority by all the judges in this state.

Lord MANSFIELD there sustained the jurisdiction, although the transaction occurred in a foreign country, the parties being subjects of Great Britain. But the doubt suggested in the case put by his lordship, of two Frenchmen fighting in France, is seized upon as the expression of an opinion of that eminent jurist against the jurisdiction in such a case. He, however, assigns a reason for it, which relieves the case of all embarrassment. " Because," he says, " though it is not a criminal prosecution, it must be laid to be *against the peace of the King ;* but the breach of the peace is merely local, though the trespass against the person is *transitory.*" And YATES, J., in commenting on this reason, in *Gardner* agt. *Thomas* (*supra*), says : " The objection to the jurisdiction, because it must be laid in the declaration to be against the peace of the people, is not sufficient; for that is mere matter of *form,* and not traversable."

In a very recent case in the English court of exchequer (*Scott* agt. *Lord Seymour*), published in the N. Y. Transcript of July 3, 1863, the jurisdiction was upheld. The action was for an assault and battery committed at Naples, where the plaintiff and defendant then resided. The question arose upon a demurrer to the plea setting forth the facts. The Lord Chief Baron, in deciding the demurrer, says : " It is *concluded by authority* that the circumstance of the assault and battery having been committed in a foreign country is in itself no impediment to an action being maintained for it here."

This case in its facts is like the one before me, and is conclusive of the view entertained at the present time on the subject by the English courts.

I was referred, on the argument, to the case of *Malony* agt. *Dows* (8 *Abb.* 316), where the learned judge, after an elaborate review of the cases in England and in this country, arrives at the conclusion that jurisdiction cannot be entertained. The action was for personal injuries to the

plaintiff in California, and the common pleas of this city nonsuited the plaintiff on the ground that they had no jurisdiction of the action. The heavy weight of authority in this state, in which the question has been carefully considered, would overwhelm any doubt which either the able argument of counsel or the opinion of the court, in the California case, might suggest. One of the errors into which, I think, the learned judge has fallen is, in regarding the parties to that action as foreigners, and not citizens of the United States. The doubt suggested by Lord MANS-FIELD was in respect to the right of subjects of a *foreign* kingdom suing in their courts, not of their own subjects. And although perhaps no case may be found where *foreigners* have been allowed to resort to English courts to redress their wrongs committed in another country, numerous cases are found, and are of frequent occurrence, where the English subject is thus allowed.

Malony and Dows were *citizens* of the United States, and the transaction happened in one of those states. The cause of action was transitory, and, as it seems to me, upon well settled principles, was cognizable by the courts of this state.

The constitution of the United States (*art.* 4, *sec.* 2) provides that the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. Hence Malony could claim the immunity of coming into our courts to get redress for the wrongs he suffered in California.

Another error of the learned judge, as I think, was in attaching too much importance to the right to give punitive damages for the breach of the public peace. The enhanced damages which are given by way of punishment for the public wrong are not compensatory to the public, which gets no part of them, but are designed to punish the offender, and goes with the other damages to the plaintiff. The public vindicates its rights by prosecution and convic-

tion of the offender, and must resort to the local tribunals. The individual, who has suffered more than the offended laws, may avail himself of the immunities preserved to him by the constitution, and invoke other tribunals. The circumstance that the defendant may be punished for the public wrong does not make the private injury any the less transitory.

The conclusion to which I have arrived, upon a careful consideration and examination of this question is, that the courts of this state have jurisdiction of actions for personal injuries inflicted in any of the states of the Union, and are bound to entertain such action between citizens of those states.

As the parties to this action are both citizens, it is not necessary to determine whether foreigners have the same immunity.

The motion to discharge the order of arrest must be denied, with ten dollars costs.