JAMES FIELDS, Appellant, *v.* JOHN R. and EMMA LAMB, Respondents.

*Appeal from Marion County.*

1. An order, partially removing a case into the U. S. District Court, from a Circuit Court, on the ground that a part of the defendants are citizens of another State, is not reviewable in this court.
2. It does not affect a substantial right, or prevent a judgment or decree, within the meaning of section 525 of the Code.
3. The act of Congress of March 2d, 1867, does not repeal the act of July 27th, 1866, so as to deprive the Circuit Court of the right to make such order upon petition.

APPELLANT commenced suit in the Circuit Court for Multnomah county, against James P. O. Lownsdale and others, including respondents, as heirs of Daniel H. Lownsdale, deceased, for the purpose of quieting his title to the north half of block "G" in the city of Portland. Emma Lamb was the granddaughter of said deceased, and, with her husband, John R., resided in Kentucky. The respondents, under the laws of the United States, petitioned the Circuit Court to have the case, as to them, transferred to the District Court of the United States for the district of Oregon, claiming this right as non-residents in Oregon. The Circuit Court for Marion county, to which this case had been transferred, for cause, granted the petition, and ordered, that as to them, the case was transferred into that District Court. From this order, appellant appealed to this court; and here, respondents moved to dismiss such appeal for want of jurisdiction

over the subject of appeal. Several cases stand on the same footing, and the arguments are all submitted in this.

*Logan & Chapman and William Strong*, for appellants, claim:

That this order affected a substantial right of appellants, and in effect determined the case so as to prevent a judgment in the State courts; that it is a suit to quiet title to a single piece of property, derived from a single source, from which all of defendants claim their rights, and that the suit could not be divided.

That the act of March 2d, 1867, repeals that of July 27, 1866; and here, the affidavit, necessary for the inception of authority in the Circuit Court for such order, is wanting.

*Page & Hill*, for respondents, cite:

*Code of Oregon, section* 525, *and article* 7, *section* 6 *of the State Constitution*, and, as a parallel and leading case, 13 *N. Y.*, 597.

That no order this court could now make would be binding upon the U. S. District Court, which had assumed jurisdiction of the case.

WILSON, J.   Both parties rely upon the same provisions of constitutional and statute law, for their case; and of course it devolves on this court mainly to construe those. *Section* 6, *article* 7 *of the Constitution* is in these words: "The Supreme Court shall have jurisdiction only to revise the *final* decisions of the Circuit Courts;" and *section* 525 *of the Code* is: "A judgment or decree may be reviewed as prescribed in this title, and not otherwise; an order affecting a substantial right, and which in effect determines the action or suit, so as to prevent a judgment or decree therein, &c., shall be deemed a judgment or decree." The Constitution declares that only *final* decisions of the Circuit Courts can be reviewed in this Supreme Court; and since, in the nature of the practice in our courts, other decisions than formal judg-

ments and decrees operate as final dispositions of litigation, the legislature undertook to declare what that word in the Constitution might contain.

In section 525, it was provided that certain actions of those courts should be equivalent to judgments or decrees; and, that, when the Circuit Courts made an order affecting a substantial right, and which in effect determined the action or suit, so as to prevent a judgment or decree therein, the aggrieved party might appeal therefrom. The order in question decided only that, as to certain defendants, the case might be transferred to another court, in order that a judgment or decree might be rendered in that court. It affected only the right of a party to bring his case, if he thought it advantageous, in the State Courts; it affected no right which went to the merits of the case, or to a denial of the obtaining a decision by the courts, but only interfered with a privilege in the choice of a place where redress might be had. The order did not prevent a decree; for it must be presumed that the court to which the case was transferred was competent to proceed to final decree. The order did not determine the action; for it proceeded without any interruption, other than the mere delay in copying and filing certain pleadings and papers. In no view of the case can we see that this order came within that class which would entitle the appellant to a hearing here. This point has been incidentally passed upon at this term of the court in the case of *The State* v. *The Oregon Central Railroad Co.* The case of *Illius* v. *The N. Y. & N. H. R. R. Co.*, 13 *N. Y.*, 597, is a case directly in point on this part of the case.

Appellant claims that the court below had no authority to make such order at that stage in the proceedings, and hence that the order when made was illegal and void. That the act of Congress of July 27th, 1866, under which the order was made was repealed by the act of 1867, of March 2d. The former act provided for cases in which that portion of the defendants residing in another State, might have the case

Fields *v.* Lamb.

removed into the District of the United States, as to them, if the case were of such a character that it might be determined, as to them, without the presence of others; or was for the purpose of restraining or enjoining them, and exceeded in value the sum of five hundred dollars. This was done in this case upon mere petition. Appellants claim, if such a practice is sanctioned, yet by a subsequent United States Statute of March 2d, 1867, it was necessary that the moving party should have filed an affidavit of prejudice; that from local influence or prejudice, justice could not be obtained in the State courts. Appellants aver that this act repealed the one of July 27th, 1866, and that respondents have filed no such preliminary affidavit.

We find those statutes are not so inconsistent but that both may stand undiminished.

The former act provides only for cases where a part of the *defendants* are non-residents. The latter act provides for cases where the proceeding was between a citizen of one State as plaintiff, and one of another State as defendant; and gives the right to *either* party, plaintiff or defendant, to remove the case if certain influences or prejudices were alleged to exist.

The plaintiff having a choice of tribunals in which he might pursue defendant, ordinarily has no right, having chosen the former, to allege that such is hostile to him. That act provides for his relief, and for a case which might well have been brought in the United States Courts at once. The law of 1866 provided for cases, where a part of the defendants were residents in the same State with plaintiff, and could claim equally with him, that the State courts should determine their differences.

We do not think any repeal was affected which made it necessary for respondents to file such preliminary affidavit. If the court below had jurisdiction, then the matter is not reviewable here; and we see nothing which would deprive that court of such control, and the appeal must be dismissed.