By the Court.—Monell, Ch. J.
The legislature of 1874 (ch. 545, Laws of 1874) passed an act entitled “An act in relation to the marine court of the city of New York,” the fourth section of which is as follows : .
“ Any other court of record may, in its discretion, by an order to be entered on its minutes after the joining of issue, send any action pending therein, or that may hereafter be brought therein, to the said marine court for trial; and a certified copy of such order shall be delivered to and filed with the clerk of said marine1 court, and be entered by him on its minutes, and, thereupon, the said marine court shall have immediate1 and exclusive jurisdiction of such action as full and comprehensive in that particular as that of the court from whence the same proceeds.”
The power of an appellate court to review decisions.resting, in part or wholly, in the discretion of the court below, was at one time not supposed to exist. Such decisions were regarded as final, and could not be disturbed. But the Code has designated the orders which, may be appealed from. Among them are any which involve the merits of the action, or affect a substantial right (Code, § 349, subd. 3).
In a recent case in this court (Morehouse v. Yeager, ante, p. 50) we held, that it was immaterial whether the order was discretionary or otherwise, the test, and the only test, of its appealability being,, whether the merits of the action were involved, or a substantial right was affected.
The act referred to allows any court of record, in its = discretion, to remove a pending action into the marine court, and the question is, does the order making the removal affect a substantial right of the appellant %
*497 Reasons for the judicious and wise use of discretionary power, are obvious. Such power is not and can not be governed by fixed or well defined rules or principles. It rests upon constitution, temper, and passion, and often upon caprice, and always must, or should, be directed by the peculiar facts and circumstances which call it into exercise. The judicial power, under the constitution and laws, is so great, that it may oppress as well as benefit. In protecting rights and redressing wrongs, it may be used benignly or to-the injury of suitors; and, therefore, the use of so-great a power should be regulated by wise and prudent counsels, and only in furtherance of justice.
As an original question, we should differ with the-learned judge who made the order. Ho sufficient reason, in our judgment, was furnished for transferring the action to another tribunal. There was no peculiarity in the cause of action which entitled it to a more speedy trial than the large body of similar actions at all times pending in the courts of, this city. And if there was reason to believe the defense was interposed for delay, the action could have been placed on the-special calender, under the rule of this court.
But we think the order final, unless the act authorizing the removal, is in conflict with some provision of' the constitution.
H o substantial right is affected. The action is merely transferred to another tribunal, presumedly as competent to administer justice as this court, and the parties, will have the same opportunities of a fair, impartial and intelligent hearing, as if they had remained here.
As, in a precisely analogous case, the question has-been determined by the court of appeals (Illius v. The N. Y. & New Haven Railroad Co., 13 N. Y. 597), it need not be further examined. That was an appeal from an order removing a cause from the state into the federal court; and it was held not to be appealable, on *498 the ground that no substantial right was affected. The court say, “ Whatever ground of preference the plaintiff may have for one tribunal over another, the right supposed to be affected, must relate to the merits of the controversy in the court below, and these are, in theory at least, as safe in the federal as in the state courts.”
Does the act violate any provision of the constitution %
The first objection is, that the subject of the fourth section is not embraced in the title of the act. The title is, “An act in relation to the marine court of the city of New York,” and the subject of the section, or part of it, is authority to courts of record to transfer actions into that court. In the same section, however, and a necessary part of it, is the provision, that, upon such transfer, the marine court shall have immediate and exclusive jurisdiction of the action. The power or authority to remove, and the actual removal, were necessary to give that court jurisdiction, and it is a subject, therefore, “relating to the marine court.”
It is only necessary that the title express the subject of the act, and not the provisions of the act, or the details by which the objects of the act are to be accomplished (Sun Mutual Ins. Co. v. The Mayor, &c., of New York, 8 N. Y. 241; Brewster v. City of Syracuse, 19 Id. 116; People v. McCann, 16 Id. 58; People, ex rel. Crowell v. Lawrence, 41 Id. 137). No one can ■doubt that a provision for removing actions into the marine court, relates to that court; and the subject •could not be better or more clearly expressed, unless the provision and its details were included in the title, which is never required.
The subject is, therefore, sufficiently, expressed in the title.
But even if it was not so, the act can be upheld Tinder the authority of The People v. McCann (16 N. Y. 58). Assuming that the act is local, and that so *499 much of it as relates to the removal of causes, is not sufficiently expressed in the title, it can be sustained on the ground that general provisions a,re. not void, by reason of being contained in the same act, with other provisions of merely local application. In that case, an act to enlarge the jurisdiction of the general and special sessions of Hew York contained general provisions applicable to all the courts of oyer and terminer in the State.
As the authority to remove causes into the marine court applies to all courts of record in the State, the provision, in one sense, is as general as in the case referred to, yet, upon the authority of that case, it can be upheld.
It is further objected that the act in effect invades the jurisdiction of this court, and by indirection deprives it of some of its constitutional powers.
It is quite true that the constitution (of 1870), in continuing this court with the powers and jurisdiction it then had, placed it beyond the reach of the legislature to diminish or abridge such powers and jurisdiction ; and, therefore, if an effect could be given to the act in question, which could deprive this court, without its consent, of any of its constitutional powers, it would be clearly void. But no such effect can be given to the act. It is permissive merely, and defers to the court itself, to determine whether it will or not deprive itself of jurisdiction. And it is only with the approbation and consent of the court, that the removal can be had..
Courts have always claimed the right, in certain cases, of assuming or declining jurisdiction (McIvor v. McCabe, 26 How. Pr. 257), but it can not be said that by declining jurisdiction in a particular case, which is merely the exercise of a discretionary power, they are deprived of jurisdiction in any other and similar case,, if in the latter they assume it.
The act, therefore, does not diminish, abridge, or *500 deprive this court of any of its jurisdiction, but merely allows the court, in its discretion, to transfer actions pending in it do another tribunal. This is an increase and not a diminution of power.
The legislative power is vested in the senate and assembly, and, except as restricted or limited by the State or federal constitutions, is absolute.
In determining the validity of a legislative enactment, it is only necessary to look into the fundamental law, to see if the powers of the legislature have been exceeded; and if no limitation or restriction is found, the validity of the act is established.
I am not aware of any provision which limits the power of the legislature in respect to the act in question. The marine court was created by the legislature, and its jurisdiction was given to it by the legislature. It has been altered and enlarged from time to time, and may be diminished, or the court itself abolished, at the will of the legislature.
As to the authority given to other courts to transfer causes, it was granted under a power which has always been claimed for the legislature, as necessary to perfect the system of practice in the courts.
Additional tribunals have been created to relieve others. Old remedies have been taken away, and new ones furnished ; and where the obligations of contracts have not been impaired, the legislative power to alter, or even ■ destroy, remedies, has been admitted (Van Rensselaer v. Snyder, 13 N. Y. R., 299 ; Conkey v. Hart, 14 Id. 22). So the legislature may give a new remedy for the enforcement of contracts already made (Hauptman v. Gatlin, 20 N. Y. R., 247). And recently the legislature restricted appeals to the court of appeals, in certain cases (Laws of 1874, ch. 322).
The validity of the several acts of Congress providing for the removal of actions from the state to federal courts, has never, in either courts, been ques *501 "tioned, bat have uniformly been recognized as being within the legislative power of Congress. Yet Congress derives its power only from the implied exclusiveness of the jurisdiction of the federal courts over actions, among others, between citizens of different states, by which it can exclude jurisdiction elsewhere.
From time to time, provision has been made by law for transferring causes to the supreme court from county courts (Laws of 1860, ch. 459); from supreme court to superior court of Buffalo (Laws of 1854, ch. 96, § 17); from district courts to common pleas (Laws of 1857, ch. 344, § 3); from one district to another (Laws of 1850, ch. 15); and, upon consent, from the supreme court to this court (Laws of 1873, ch. 339, § 8).
The act in question, by fair implication from a mass of other similar legislation, which has not been deemed •invalid, was clearly within the legislative power. It does not impair the obligation of any contract; it does not abridge or diminish the jurisdiction or power of this court; it does not even affect the remedy. It merely furnishes another tribunal, governed by the same rules, and administering justice in the same manner.
The argumentum ah inconvenienti must be addressed to the legislature. It is an inappropriate appeal to the courts.
There may be reasons why parties would prefer to remain in the tribunal of their selection. Especially might that be so in removals from the state to the federal courts, where the law is differently administered. And it is urged that in the marine court, the right to appeal is restricted, which, it is claimed, deprives parties of a right subsisting in this court. But if there is any such limitation to the marine court, which is doubtful, it being confined to actions originally commenced in that court {Code, § 11, subd. 3), it was competent for the legislature to impose its effect *502 upon the parties. It has done so in the recent act already referred to {Laws, 1874, ch. 322).
We have no misgivings of the effect of sustaining, the act in question.
The decision at the special term will not be a precedent for any other similar motion ; and while recognizing the competency of the legislature to give us this new and increased power, we shall exercise it sparinglyy, and only in furtherance of justice.
The order appealed from must be affirmed, with, costs.
Curtis, J., concurred.