Sedgwick, J. (dissenting).
The court of appeals-in Illius v. The N. Y. & N. H. R. R. Co. (13 N. Y. 597), held that an appeal does not lie from an order removing an action commenced in a state court to the-U. S. circuit court, on the ground that the defendant is a citizen of another State, and gave as one reason, that such an order does not affect a substantial right within section 11 of the Code. The court said ‘Moreover, in the view suggested, it did not affect a substantial right within the meaning of the Code. Whatever grounds of preference the plaintiff may have for one tribunal over another, the right supposed to be affected must relate to the merits of the controversy in the court below.”
In De Camp v. The N. J. Mutual Ins. Co. (32 N. *503 Y. Superior Ct. 486 ; Stevens v. The Phoenix Insurance, &c., a later case in the court of appeals (cited from MSS.) is relied on. It is cited to support the conclusion, that when the special term, and the general term refuse to direct the removal under the act of Congress, the court of appeals will review that determination of the inferior courts. Judge Jones says in De Camp v. The N. J. Mutual Ins. Co., that the decison in Stevens v. The Phoenix Ins. Co. establishes “that upon a strict compliance with section 12 of the act of Congress, the state court loses jurisdiction, and the U. S. court gains it without any formal order to that effect, and consequently, if it is attempted to proceed in the State court after such compliance, the fact of such compliance will constitute a defense to be interposed by way-of plea to the jurisdiction, and this, although a formal order of removal has been refused.” Judge Jones then reasoned that whatever could be pleaded,, related to the merits of the action. He so held in a case where the special term refused to remove the cause. In a case where the proper steps for a removal had not been taken, we can see that a plaintiff would have a substantial right of the same character, to demand that the State court proceed to adjudicate upon his claim.
I think, therefore, that even under section 11, we are not compelled by Illius v. The N. Y. & N. H. R. R. Co., to hold that a substantial right of the defendant in this case is not affected by an order which prevents his asking of the court, what, but for the order, he would havé a substantial right to ask, viz., not only that he be freed now and always from the pursuit of the plaintiff, but that he have the affirmative relief claimed by his answer.
But the language of section 11 is markedly distinct from the language of section 349, which regulates appeals to the general term. The subdivision 3, of section 349, is that an appeal from an order at special *504 term to the general term, may be made, “when it involves the merits of the action, or some part thereof, or .affects a substantial right.” Under this section, it is ■clear that there may be a substantial right affected which does not relate to any part of the merits of the controversy. It seems to me that there is substance in defendant’s claim that he shall receive justice, that is, be dismissed from further litigation, as far as plaintiff’s claim is concerned, and have judgment in his favor on the counter-claim. He may get the same dismissal and the same relief in another court of justice, but his right to be relieved in every court where he is compelled to appear, is not a matter of fornq but is substantial. That right to be relieved, is affected by an order which sends the action to be tried elsewhere. Under section 349, to allow an appeal, it is only necessary that a right of the kind described should be affected. The manner and the extent of its being affected is not important, and it is immaterial that the court should suppose or adjudge that he has in the place of the right affected, a right bestowed upon him of equal value. I have, therefore, come to the conclusion that the order appealed from may be reviewed here, in case we further see that we can review an order which by the statute may be made in the discretion of the court.
It has been decided in this court, that the general term should review the action below, even when the order appealed from is made in the exercise of a discretion. The question in such cases is whether the court below used a sound discretion, in a case calling for its exercise. “Discretion must be governed by rule; it must uot be arbitrary, vague and fanciful, but legal and regular” (2 Burr. 25, 39 ; 1 Burr. 570). The same faculties are employed in the use of discretion, as in the adjudication of absolute rights. The only difference is that in the one case, no fixed and general *505 .rules can be applied, and in the other, the law has ■made such fixed and general rules.
In the present case, the plaintiff, moving below for the removal of the cause to the marine court, gave no reason that did not exist in all cases, or at least, very-many on our calendar. I think the court below should not have used the discretion given by the statute in a ■case where no facts were stated as peculiar to it which tended to show that it was expedient that that particular case should be removed. The rule would be different, if the language of the statute described certain classes of cases, assault, slander, &c.., which might be removed. The intent would be evinced to permit removal because of the character of the cause of action.
I therefore think that the order should be reversed. I am further of opinion that the fourth section of the act of 1874, ch. 545, is unconstitutional. The constitution continued this court with all the power and jurisdiction it had at the passage of the constitution (§ 11 of Art. 6). It seems to me that when a cause is removed for trial and determination from this court, the court loses, from the time of removal, jurisdiction of the ■action. If the legislature directs the removal, or ■enables some other body to direct it, it is an attempt to provide that in a certain contingency this court shall have no power, to exercise that jurisdiction which was possessed at the passage of the constitution. It is said that empowering this court to make an order of the kind in question, is giving additional power, is an increase of j urisdiction. But if in that one regard a new power is gained, the exercise of the power is suicide of jurisdiction, as it puts an action in a position where the court will have no power to adjudicate in it.
In my view, this court can not consent that the constitutional provision referred to shall not have effect in a specified case. The constitution forbids the superior ■court in the same terms it forbids the legislature lessen *506 sening the powers of the court. The constitution says, the superior court shall be continued in its jurisdiction. This court had no power of its own, before the statute, to remove a cause pending in it to another court. The-legislature had no power to cut off by statute the jurisdiction of a specified case, or of a class of cases, at any stage of the litigation. It can not give to this court power to do what the constitution impliedly says-shall not be done. Neither the legislature nor the court can do what will result in this court not being continued in its jurisdiction.
On both the grounds thus imperfectly stated, I think the order appealed from should be reversed.
Speib, J., concurred in the foregoing opinion of’ Sedgwick, J.