Simms v. McKee & Stimson.

------

SIMMS v. McKee & STIMSON.

1. Mortgage: OF CHATTELS: LEX LOCI. A mortgage of personal property executed and recorded in another State in accordance with the laws thereof, will be enforced by the courts of this State, when the property is removed here by the mortgagor.

2. —— RETENTION OF POSSESSION BY MORTGAGOR. The retention of the possession of the mortgaged property by the mortgagor beyond the time stipulated in the mortgage will not render the mortgage fraudulent and void as to creditors and purchasers, when such retention is without the consent and in spite of the efforts of the mortgagee.

*Appeal from Lee District Court.*

THURSDAY, JULY 23.

THIS is an action of replevin for a mule team, harness and wagon. Trial to the court without a jury, and substantially the following facts were found: One Carleton, the owner of the property, executed a mortgage to plaintiff upon the same, in accordance with the laws of Illinois,

where the property was at the time, to secure the sum of $500, due at a future date, with a stipulation that the mortgagor should retain the possession of the property until the debt became due. The mortgage was duly recorded in Illinois. Before the maturity of the debt the mortgagor removed the property from the county where the mortgage was executed and recorded, without the knowledge or consent of plaintiff, who, in the language of the finding, " used due diligence in pursuing the property." Defendants bought the property of Carleton, four or five days after the mortgage debt became due, at Keokuk, and they had no actual notice of the mortgage, and purchased in good faith. The mortgage was not recorded in this State.

Judgment for plaintiff. Defendants appeal.

*Rankin & McCrary*, for the appellants, cited *Skiff* v. *Solace*, 23 Verm. 229 ; *Rhines* v. *Phelps*, 3 Gilm. 464 ; 1 Par. Con. 529.

*Brown & Knowles* for the appellee.

BECK, J. — The main question raised in the record was determined by this court in the case of *Smith* v. *McLean*, 1. MORTGAGE: 24 Iowa, 322. We held in that case that a of chattels : lex loci. mortgage of personal property, executed and recorded in another State in accordance with the laws thereof (the property when mortgaged being within such State), has the same force and effect to bind the property when removed to this State, and will be enforced here, as under the laws of the State where it was executed. This doctrine must be considered the settled rule in this State.

The defendants' counsel cite *Rhines* v. *Phelps*, 3 Gilm. 464, in which it is held that the retention of the posses-2. — retention sion of mortgaged property by the mortgagor of possession by mortgagor. beyond the term stipulated, renders the mort-

gage fraudulent and void as to creditors and purchasers. If this be now the rule in Illinois it is not applicable to the case made by the record. The mortgagor removed the property before the debt became due. Until the maturity of the debt he could, under the mortgage, retain the property in his possession. The removal of the property was without the knowledge or consent of the mortgagee, who used proper diligence to recover it. Certainly the possession of the property by the mortgagor beyond the time stipulated, against the consent of the mortgagee, and in spite of his efforts to recover it, would not defeat his rights thereto. The rule of the authority cited is applicable only to cases where the mortgagor retains possession with the permission and consent of the mortgagor.

Affirmed.