Hon. HENRY L. WARREN, Chief Justice.
Hon. HIRAM KNOWLES, Associate Justice.

---

TRAVIS et al., respondents, *v.* McCORMICK, appellant.

MORTGAGEE LOSES LIEN ON PERSONAL PROPERTY AFTER DEBT MATURES. A mortgagee of personal property loses his lien thereon, as against a purchaser in good faith from the mortgagor in possession, after the maturity of the mortgage debt, although the mortgage is good and valid for one year after it is recorded.

LACHES OF MORTGAGEE INVALIDATES HIS LIEN. In this case, the unexplained failure of the mortgagees to take possession of property, or foreclose their mortgage, two months after the maturity of their debt, was laches, and invalidated their lien, as against a purchaser in good faith.

DUTY OF MORTGAGEES. The mortgagees of personal property should take immediate possession of the same after the maturity of their debt, or endeavor so to do with sufficient diligence.

*Appeal from the Third District, Lewis and Clarke County.*

IN August, 1869, W. S. and C. M. Travis commenced this action to obtain the possession of a "red roan" horse. The court, SYMES, J., sustained the plaintiff's demurrer to the answer, and defendant appealed.

The pleadings and facts appear in the opinion.

The statute of the Territory, concerning chattel mortgages, which is referred to in the opinion, is as follows:

"SECTION 1. No mortgage on goods, chattels or personal property shall be valid as against the rights and interest of any third person, unless possession of such personal property shall be delivered to remain with the mortgagee, or the said mortgage acknowledged and recorded as hereinafter directed."

"SEC. 3. Any mortgage of goods, chattels or personal property so acknowledged shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time when the same is made, acknowledged or recorded, and shall thereupon, if *bona fide*, be good and valid from the time it is so recorded, for a space of time not exceeding one year, notwithstanding the property mortgaged or conveyed by deed of trust may be left in possession of the mortgagor. Provided, that such conveyance shall provide for the property so to remain with the mortgagor."

CHUMASERO & CHADWICK, for appellant.

The demurrer should have been overruled. The mortgage was fraudulent as to the appellant in this, that the time for the taking of possession of the mortgaged property had long elapsed, at the time of the purchase thereof by appellant, and that his title thereto had thereby become perfect. Acts 1865, 339, § 3; Hilliard on Sales, 126; Acts 1865, 494, § 15; *Reed* v. *Eames*, 19 Ill. 594; *Constant* v. *Matteson*, 22 id. 546; *Cass* v. *Perkins*, 23 id. 382; *Funk* v. *Staats*, 24 id. 633; *Wooley* v. *Fry*, 30 id. 58.

W. F. SANDERS and J. J. WILLIAMS, for respondents.

A mortgage imports *prima facie* that vendor may keep possession till breach of condition, and his continued possession is no badge of fraud, and raises no presumption thereof. Hilliard on Sales, 126; *Fletcher* v. *Willard*, 14 Pick. 464.

The necessity of a record or delivery to the mortgagee is a creature of the statute. At common law, neither is required to render the mortgage valid against *bona fide* purchasers or attacking creditors. 1 Pars. on Cont. 570.

This mortgage is valid under the statute. Acts 1865, 339, § 1. The answer does not attack the acknowledgment or record of the mortgage. In these respects the answer is defective, and the demurrer was properly sustained. The mortgage provides for the property to remain with the mortgagor, and is good for one year. The act does not say that the mortgage shall be good for such length of time as it provides that the property may remain with the mortgagor. Acts 1865, 339, § 3.

The rest of the act has nothing to do with the validity of mortgages. What does the statute require? Section 1, not 3, tells what mortgages are invalid. The delivery was not had in this case. The complaint brings the respondents under the other alternative, which is not attacked by the answer. Non-delivery after May 1, 1869, is the ground of the defense. Wherefore, the answer is bad. Voorhies' Code, 537, note *a;* 7 Abb. N. Y. Dig. 123, §§ 11, 12.

WARREN, C. J. The complaint in this cause alleges that W. S. Hamilton and T. P. Ames executed their promissory note in favor of plaintiffs below, bearing date December 31, 1868, and payable May 1, 1869; and that, for the purpose of securing payment of the same, William Hamilton, T. P. Ames and J. A. Ames executed a chattel mortgage of the same date, which was duly acknowledged, and was filed for record and recorded in the recorder's office of Lewis and Clarke county, on January 1, 1869. That the defendant below about April 25, 1869, obtained possession of the mortgaged property, and that the plaintiffs, on July 20, 1869, and before commencement of this suit, demanded of him possession of the same, which was refused.

The answer admits the execution of the note and mortgage, as set forth in the complaint, and avers that by the terms of the mortgage it was provided that the property

should remain in the possession of the mortgagors until the maturity of the note ; that the mortgagors were permitted by the mortgagees, the plaintiffs below, to remain, and did in fact remain in possession of the property long after maturity of the note, and until July 1, 1869, at which date the defendant below in good faith purchased the mortgaged property of the mortgagors for a valuable consideration.

To this answer the plaintiffs demurred for insufficiency, which demurrer was sustained by the court below, and thereupon judgment was entered for plaintiffs, from which judgment the defendant appeals.

The demurrer admits the facts stated in the answer, and the only question raised relates to the construction to be given to the act of the legislative assembly concerning chattel mortgages, approved December 31, 1864. The appellees claim that the mortgage in question having been executed, acknowledged and recorded in compliance with that act, and providing by its terms that the possession of the property might remain with the mortgagors, under the act in question, was valid as against third persons for the period of one year from the time of record, without reference to the time of maturity of the mortgage debt, or to the provision contained in the instrument in regard to possession of the property. This is not the proper construction of the act. The parties themselves fixed the period by the terms of the mortgage, during which the mortgagors might retain possession of the mortgaged property, and it became the duty of the mortgagees to take immediate possession of the property, or endeavor so to do, at the expiration of the period limited, with all due promptitude and diligence. By a failure in so doing they lost their lien as against a purchaser in good faith from the mortgagors in possession.

What constitutes sufficient diligence is a mixed question of law and fact, and must depend upon the particular circumstances of each case, but in this instance the unexplained failure of the mortgagees to take possession of the property or to foreclose their mortgage for two months after

maturity of their debt, as averred in the answer, we hold to be such laches, amounting to fraud, as to invalidate their lien as against the appellant.

The court below erred in sustaining the demurrer to the answer, and in rendering judgment for the plaintiffs below.

The judgment is reversed and the cause remanded.

*Exceptions sustained.*

KNOWLES, J., concurred.

At the trial of this action in December, 1869, the plaintiffs obtained judgment and the defendant appealed to this court. See p. See p.