JOSEPH H. FEURT, Plaintiff in Error, *vs.* LOREN G. ROWELL, Interpleader, etc., Defendant in Error.

1. *Chattel mortgage—Record—Possession by mortgagor—Removal of property.*— If a chattel mortgage is recorded (Wagn. Staf., 281, ◊ 8), the mortgagee's title is not affected by the retention of the possession of the property by the mortgagor nor by his removal of it, and, if the mortgage is good here, it will be good in every State to which the property may be removed.

2. *Chattel mortgage—Record—Possession by mortgagor after condition broken.*— When a chattel mortgage is recorded, the possession of the mortgaged property by the mortgagor after condition broken is not *per se* fraudulent.

3. *Chattel mortgage—Extension of time—Neglect to enforce lien—Connivance —Rights of third parties.*—The mere extension of time by a mortgagor, or his neglect to enforce his lien under the chattel mortgage, will not destroy his rights, nothing more appearing; and there being no fraudulent connivance between mortgagor and mortgagee, and the rights of third parties not being interfered with.

### Error to Daviess Circuit Court.

*Conover & Hicklin,* for Plaintiff in Error.

By reason of plaintiff's diligence and interpleader's negligence, the former obtained priority of lien, and was entitled to be first satisfied out of the property attached. (Bruce vs. Vogel, 38 Mo., 100 ; Sto. Eq., § 421.)

*Shanklin, Low & McDougal,* for Defendant in Error.

I: The deed was recorded in the county in which the mortgagor resided, and the removal of the property from the county to another did not destroy the lien of the mortgage. (Wagn. Stat., 281, § 8; Bevans vs. Bolton, 31 Mo., 439.) Nor would the removal out of the State of the mortgaged chattels invalidate the mortgage. (Smith vs. Hutchings, 30 Mo., 380.) The law presumes notice to all persons from the date of the filing of the mortgage for record. (Miller vs. Whitson, 40 Mo., 97.)

II. The possession of the mortgaged property by the mortgagor after the condition broken was not fraudulent. (Kansas City Sav. Ass. vs. Mastin, 61 Mo., 435 ; Miller vs. Bascom, 28 Mo., 352 ; Miller vs. Whitson, 40 Mo., 95 ; Howell vs. Bell, 59 Mo., 135.)

The creditor was not injured by the delay. (Bump Fraud. Con., 99 ; Frost vs. Mott, 34 N. Y., 253.)

WAGNER, Judge, delivered the opinion of the court.

The record discloses these facts. The plaintiff sued one Sweaney by attachment before a justice of the peace, and caused certain mules to be seized by virtue of the writ. Defendant Rowell filed an interplea claiming the mules. On the trial of the interplea before the justice, Rowell was defeated and appealed to the Circuit Court. On the trial there it was shown, that on the 17th day of December, 1874, Sweaney executed a chattel mortgage conveying the mules in controversy to Rowell to secure a note due in ninety days, which note was, as the mortgage recited, given as collateral security to idemnify Rowell for signing the note of Sweaney at bank.

On the 14th of March, 1875, and before the note in bank matured, Rowell, for the purpose of favoring Sweaney, and enabling him to pay off the debt, by a written endorsement on the note in bank upon which he was surety, consented that an extension of ninety days might be granted thereon, which was done. On or about the 17th day of June, 1875, Rowell paid off the note, on which he was surety for Sweaney. In the meanwhile, on or about the first of June, 1875, plaintiff sued out an attachment against Sweaney, who it seems had departed for Iowa, and followed him into Harrison county and brought the mules back into Daviess county, where the mules were seized under the writ of attachment as the property of Sweaney. At the time of the seizure, the mortgage was on record in Daviess county, and Sweaney was a resident of that county when the mortgage was made. The cause was· tried before the court sitting as a jury, and for the interpleader the court gave declarations as follows: 1st. The fact, that the interpleader did not take immediate possession of the mules when the note became due, will not preclude his recovery. 2nd. The fact, that Sweaney was about to remove the mules out of the State will not avoid the lien of the mortgage.

The plaintiff asked three instructions, the substance of which was, that if the mortgage became due in March, 1875, and from that time until June, 1875, and until after the attachment in this cause was levied on the mules at the instance of the plaintiff, Sweaney was allowed to keep the mules in his possession, then the possession of the mules by Sweaney was, as against the plaintiff, fraudulent, and the judgment should be against the interpleader. The court refused plaintiff's instruction, and then rendered judgment for the interpleader.

By the 8th section of the act in reference to fraudulent conveyances, it is provided, that no mortgage or deed of trust of personal property shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee, or *cestui qui trust*, or unless the mortgage or deed of trust be acknowledged or proved, and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded. (Wagn. Stat., 281.)

By this section, if the mortgagor retains the possession of personal property, it is sufficient if the mortgage be recorded in the county in which the mortgagor resides. And it has been held that the removal of the mortgagor with the personal property to another county will not affect the title of the mortgagee, nor his right to the possession for the purpose of paying his debt (Bevans vs. Bolton, 30 Mo., 437); and if the mortgage is valid here, it would be valid in any State to which the property might be removed. (Smith vs. Hutchings, 30 Mo., 380.) The fact that a mortgagor of personal property, where the morgage is recorded, remains in possession of the property, is no evidence of fraud; the record is, in such a case, equivalent to a transmutation of possession. (Miller vs. Bascom, 28 Mo., 353; Miller vs. Whitson, 40 Id., 97.)

The mortgage was recorded in the county in which the mortgagor resided, and imparted full notice to every one,

Pruitt v. The Hann. &. St. Jo. R. R. Co.

who was or might become interested. The removal of the property .to another county did not destroy the lien. Had the property been removed out of the State, the mortgage would not thereby have been invalidated. The retention of the possession of the mortgaged property by the mortgagor after condition broken was not *per se* fraudulent.

The mere extension of the time of payment, or neglect by the mortgagee to enforce his lien, would not destroy his rights, nothing more appearing ; and there is nothing in this case to show, nor is it pretended, that there was any fraudulent connivance between the mortgagor and mortgagee. The plaintiff was not injured by the delay, and we are not aware of any principle that would deprive the mortgagee of his lien for granting a favor to his debtor, when the rights of other persons were not interfered with.

We have no hesitation in coming to the conclusion, that the judgment should be affirmed, and it is accordingly so ordered.

All the judges concur, except Judge Vories, who is absent.