# Lyman H. Austin and another v. George French.

*Mortgages: Foreclosure: Personal property: Receiver: Replevin.* A bill in equity having been filed to foreclose a mortgage covering real and personal property, and a receiver having been appointed and having taken possession of the personal property, it was held, in a replevin suit afterwards brought against such mortgagee and receiver by a subsequent purchaser from the mortgagor, who had been made defendant to ·the foreclosure bill, that the questions of the sufficiency of the description of the property in the mortgage to affect a purchaser with only constructive notice, and whether such subsequent purchaser had any actual notice, were questions to be raised in the first suit, and not by attacking the proceedings therein through an action at law; that the same question could not be tried in both suits, and much less could a party remove it from one court to another in this collateral way.

*Chattel mortgages: Sufficiency of description: Question of law.* The submission to the jury of the question of the sufficiency of the description in the mortgage as a question of fact, is held to be error.

*Chattel mortgages: Description: Foreclosure suit: Replevin.* The question of the validity of the mortgage as a lien on the property intended by it in the hands of the plaintiff in replevin, belonged to the court of chancery in the foreclosure suit; in the replevin suit the plaintiff must recover, if at all, by establishing the fact that the property described in the writ was property not covered by the mortgage, and as to any property embraced in the mortgage, the replevin suit must fail.

*Submitted on briefs January 23.    Decided April 10.*

Error to Superior Court of Grand Rapids.

*Taggart, Simonds & Fletcher,* for plaintiffs in error.

*Blair, Stone & Kingsley,* for defendant in error.

COOLEY, CH. J:

The action in the court below was replevin, brought for the recovery of property described in the writ as "one span of horses—one brown named Charley, and one bay named Dave—of the value of two hundred dollars; one lumber wagon of the value of fifty dollars, two pairs of logging trucks of the value of one hundred dollars, seven pairs of logging bobs of the value of one hundred and five dollars, and two sets of road bobs of the value of twenty-five dollars." The plaintiff showed that he bought this property of one Andrew Moody. The defense was, that in Moody's hands the property was subject to a mortgage given by him to Raynsford, covering real as well as personal property, and given for the purchase price of the whole; that a bill in equity had been filed in the Kent circuit court to foreclose this mortgage, making this plaintiff, among others, defendant, and that in that suit Austin had been appointed receiver and had taken the property in pursuance of his order of appointment. The existence of this mortgage and of the suit in equity upon it were not disputed, and it was shown that the mortgage was duly filed as a mortgage of chattels and recorded as a mortgage of realty. The prin-

cipal contest appears to have been over the question whether the property was so described in the mortgage as to make that instrument constructive notice to a purchaser, though there appears to have been a claim also that some of the property replevied was not embraced in the mortgage at all. The following is the description in the mortgage: "All the following described real estate and personal property, to-wit: the northwest quarter of the southwest quarter, and the south half of the southwest quarter of section seven (7), and the north half of the northwest quarter of section eighteen (18), all in town ten (10) north, in range ten (10) west, in the county of Kent, state of Michigan; and also the northeast quarter of the southwest quarter of section six (6), in town and range aforesaid, consisting in all of and comprising two hundred and forty acres of land; also the steam saw-mill situated on said land, and the machinery and appurtenances thereto belonging or in any wise appertaining; also the following described property: five horses, one shingle shed, one yoke of oxen (white or nearly white); one lumber wagon, one pair of trucks, two sets of harness, twelve sets of bob-sleighs, and all tools, chains, and implements of every kind used in and about the said mill; also all the pine timber on the northeast quarter of the southwest quarter of section seven (7), in said town ten (10), range ten (10), aforesaid, being the same property this day sold and conveyed by said Raynsford to said Moody, and this mortgage and notes herein described being given to secure the unpaid purchase money, together with the tenements, hereditaments and appurtenances thereunto now or hereafter belonging or in any wise appertaining or thereupon situated."

In the order appointing a receiver, the property was referred to merely as "the real and personal property and estate mentioned and described in the mortgage set up and described in the bill of complaint herein." The following, among other instructions, were given to the jury: "The court instructs you that if the property referred to in the mortgage was such that there was not sufficient description

of the property, then it would not operate as a constructive notice to an innocent purchaser.

"The court further instructs you that if you find from the evidence before you that there was such a description as that a person looking at the mortgage, and then making inquiries indicated by the mortgage, could reasonably ascertain whether this identical property was there, that would be a sufficient description of the property."

Both these instructions appear to assume that the mortgage might have been sufficient to enable the mortgagee to hold the property as against the mortgagor, and yet not sufficient as against the plaintiff, who had purchased from the mortgagor. In this assumption the judge must have overlooked the fact that the point was necessarily involved in a suit to foreclose the mortgage against this plaintiff, and that the order appointing a receiver was, if not a final, at least an interlocutory adjudication against this very claim. The suit in replevin, by which French seeks to try at law the same question which the bill in equity necessarily requires him to meet, is really in the nature of an appeal in a collateral proceeding from the order appointing a receiver, and if the judge is correct in his rulings, and French is enabled thereby to sustain his claim that the mortgage does not affect him, the court of chancery is in effect ousted of its jurisdiction before decree has been reached. But manifestly this is erroneous.

The question the judge should have submitted to the jury was, whether the property replevied, or any part thereof, was the same property mortgaged to Raynsford by Moody; if it was, the suit as to that property must fail, and French must make his defense in the suit in equity. The questions of the sufficiency of the description to affect a purchaser with only constructive notice, and whether French when he purchased had any actual notice, were questions to be raised in the first suit, and not by attacking the proceedings in that suit through an action at law. The same question cannot be tried in both suits; much less can a party re-

move it from one court to another in this collateral way. The court of equity has cognizance of it now, and there it must remain until regularly disposed of, by decree or otherwise.

As this view renders a new trial essential, we need not comment upon the error of the judge in submitting to the jury as a question of fact the sufficiency of the description in the mortgage. The case was probably tried before the decision of this court in *Willey v. Snyder, 34 Mich., 60,* was reported. The mortgage was not void on its face for indefiniteness; if it were so, it might be questionable whether the property is sufficiently described in the writ; for the description there, as to some of it, is no more particular than in the mortgage.—See *Stevens v. Osman, 1 Mich., 92; Farwell v. Fox, 18 Mich., 166.* But it is sufficient to say here that the question of the validity of the mortgage as a lien on the property intended by it in the hands of French, belonged to the court of chancery. In the suit at law French must recover, if at all, by establishing the fact that the property described in the writ was not property which Moody bought of Raynsford and mortgaged back for the purchase price.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.