JOSEPH KEENAN *vs.* DAVID H. STIMSON.

August 6, 1884.

**Chattel Mortgage, made and recorded in Another State—Filing in this State.**—A chattel mortgage, executed and recorded in another state, where the mortgagor resides and the property is situated, and according to the laws of that state, need not, to preserve the rights of the mortgagee, be filed in this state, upon the mortgagor, with the property in his possession, removing to and becoming a resident of this state.

**Same—Possession of Mortgagor—Rights of Creditors.**—Where the statute gives to the filing or recording of a chattel mortgage the same effect, as to subsequent purchasers or mortgagees, as the delivery of the property to the mortgagee, leaving the mortgagor in possession will not, while such effect continues, postpone the rights of the mortgagee to those of subsequent purchasers or mortgagees.

Appeal by defendant from an order of the district court for Mower county, *Farmer,* J., presiding, refusing a new trial, a verdict for plaintiff having been directed by the court. The case is stated in the opinion.

*Richardson, Day & Pierce,* for appellant.

*Lafayette French,* for respondent.

It is only by comity that the Iowa law making the record of a chattel mortgage with the recorder of the county equivalent to change of possession, and giving it ten years' life, can in any way affect the property after it comes into this state. And the rule of comity should not be invoked to give effect here to a foreign law giving a preference to non-residents, in contravention of the policy of our own laws, and to the injury of our own citizens. *Lewis* v. *Bush,* 30 Minn. 244; *Zip-*

*ccy* v. *Thompson*, 1 Gray, 243; *Boyd* v. *Rockport Mills*, 7 Gray, 406; *Kelly* v. *Crapo*, 45 N. Y. 86; *Edgerly* v. *Bush*, 81 N. Y. 199; *Hanford* v. *Paine*, 32 Vt. 442; *Varnum* v. *Camp*, 13 N. J. Law, 326.

The record in Iowa could not be notice of the existence of the mortgage to parties dealing with the property in this state, and it is absurd to give the record effect in 1882, when, if the mortgage had been made and filed in Minnesota, it would have become inoperative in two years,—that is in October, 1878. *Zipcey* v. *Thompson*, 1 Gray, 243; *Montgomery* v. *Wight*, 8 Mich. 142; *Boydson* v. *Goodrich*, 49 Mich. 65.

GILFILLAN, C. J.    October 13, 1876, one Schlotman, residing and having in his possession two horses in Hardin county, Iowa, executed two notes, due in six and twelve months, to Mills & Fail, and to secure the notes duly executed to them a chattel mortgage upon the horses, which was forthwith filed for record and recorded in Hardin county, pursuant to the laws of Iowa.    Schlotman remained in possession of the horses.    In July, 1878, he removed to Mower county, in this state, bringing the horses with him.    September 10, 1880, in said county, he executed a chattel mortgage on the horses, still in his possession, to B. F. Dow & Co., to secure a debt which then accrued to them, they having no actual notice of the Iowa mortgage.    January 7, 1882, they foreclosed their mortgage by a sale of the property, and the plaintiff became the purchaser.    November 4, 1876, Mills & Fail indorsed and transferred the notes secured by the mortgage to them, to S. L. Sheldon, there being no formal assignment of the mortgage. April 17, 1882, the defendant, being authorized by Sheldon to do so, took the horses from plaintiff.    The latter brings this action in replevin.    Upon a trial with a jury the court directed a verdict for plaintiff.

By the laws of Iowa no mortgage of personal property, where the mortgagor remains in possession, is valid against creditors, or subsequent purchasers without notice, unless the instrument is filed for record with the recorder of the county where the holder of the property resides; and from the time of the entry by the recorder of the filing for record, the mortgage shall be deemed complete as to third persons, and have the same effect as though it had been accompanied by the actual delivery of the property.    It prescribes no limit as to

time during which this effect shall continue. It seems conceded that it will continue during the life of the mortgage—in that state, 10 years. Until the time that Schlotman, bringing the horses with him, came into this state, the mortgage to Mills & Fail was, notwithstanding he remained in possession, valid, not only as against him, but as against third parties, precisely as though it had been accompanied with an actual change of possession. Had he executed the Dow mortgage before that time, it would have been of no avail against the Mills & Fail mortgage. Did that become invalid as to any one by his change of residence to this state?

The general rule is that the validity and effect of contracts relating to personal property are to be determined by the laws of the state or country where they are made, and, as a matter of comity, they will, if valid there, be enforced in another state or country, although not executed or recorded according to the law of the latter. And this rule has been applied, in a great number of cases, to chattel mortgages, where the mortgagor removes with the property into another state, continuing in possession of it, permissible by the law of the former, under circumstances that, had the mortgage been executed in the latter state, by one resident therein, would have made it invalid as against creditors or purchasers. Jones, Chat. Mortg. §§ 260, 299–301; *Offutt* v. *Flagg*, 10 N. H. 46; *Ferguson* v. *Clifford*, 37 N. H. 86; *Cobb* v. *Buswell*, 37 Vt. 337; *Jones* v. *Taylor*, 30 Vt. 42; *Taylor* v. *Boardman*, 25 Vt. 581; *Ballard* v. *Winter*, 39 Conn. 179; *Langworthy* v. *Little*, 12 Cush. 109; *Bank* v. *Danforth*, 14 Gray, 123; *Martin* v. *Hill*, 12 Barb. 631; *Kanaga* v. *Taylor*, 7 Ohio St. 134; *Wilson* v. *Carson*, 12 Md. 54; *Smith* v. *McLean*, 24 Iowa, 322; *Simms* v. *McKee*, 25 Iowa, 341; *Feurt* v. *Rowell*, 62 Mo. 524. The cases to the contrary are so few that this may be considered the general rule. When it is recorded as required by the law of the state where it is executed, it need not, to preserve its validity, be recorded in the state to which the mortgagor removes with it. The fact, therefore, that Schlotman remained in possession without the mortgage being filed in the town in which he acquired a residence after his removal to this state, did not render the mortgage invalid. The recording in Iowa, as required by the law in that state, was, so far as the validity of the mortgage

was concerned, equivalent to a change in the possession, as filing is in this state in respect to a mortgage executed by a resident within it.

The court below disposed of the case mainly upon the proposition that Mills & Fail were guilty of laches in not taking possession of the property within a reasonable time after they had the right to take possession. It stated this to be the rule: "The law requires a mortgagee, when default is made, to take possession of the property within a reasonable time thereafter, in order to maintain and protect his lien as against subsequent creditors and purchasers; and if he suffers the property to remain in the possession and under the control of the mortgagor, after the expiration of such reasonable time after default, it is evidence of fraud, and he is guilty of laches, which should not protect his rights against *bona fide* purchasers of the property without actual notice." This is not supported by authority. See *Hudson* v. *Warner*, 2 Har. & G. 415; *Shurtleff* v. *Willard*, 19 Pick. 202; *Feurt* v. *Rowell*, 62 Mo. 524; *Steele* v. *Adams*, 21 Ala. 534; *Spraights* v. *Hawley*, 39 N. Y. 441.

The case from 1 Mont. 148, (*Travis* v. *McCormick*,) cited by respondent, is not in point, for the reason that the mortgage there in question did not provide for possession by the mortgagor, and, by the statute of Montana, recording is equivalent to change of possession only where the mortgage provides that the mortgagor shall remain in possession. We infer that the statute in Illinois is the same, (*Burnham* v. *Muller*, 61 Ill. 453,) and that, undoubtedly, influenced the decisions cited from that state. Where the statute is as it is in Iowa and in this state, the proposition of the court below could not be the rule without, in effect, abrogating the statute. That in Iowa makes the recording have the same effect as actual delivery of the property, and expresses no limit as to the time during which it shall have such effect. That in this state gives to the filing the same effect, and continues it for two years, and in neither does that operation of recording or filing depend on the right of the mortgagee, under the terms of the mortgage, to take possession, nor on the fact that there has been no default. Where there is immediate and continued change of possession, filing is unnecessary. It is made by statute a substitute or equivalent for such change of possession. The rule of the

court would import into the statute the proviso (contained in that of Montana) that such should be the effect only where, by the terms of the mortgage, the mortgagor has the right to retain possession. Where the mortgagee has complied with the statute by recording or filing his mortgage, he may rely on that as protecting his interests in the mortgaged property. That must be the rule as applied to a mortgage executed by a resident of this state, and it cannot be different in respect to one executed by a resident in another state and recorded there, so as to be of the same validity and effect here as there.

Judgment reversed, and new trial ordered.