## E. F. WILSON *vs.* JOHN RUSTAD.

Opinion filed April 21st, 1898.

**Chattel Mortgage Good Where Made is Good Here.**

> Where a mortgage is executed in another state on property therein situated, the mortgagor and mortgagee being domiciled therein, and such mortgage is filed in accordance with the laws of such state, the mortgagee can claim the protection of such laws in another state to which the property is removed without refiling the mortgage in such state, unless the statutes thereof expressly require it to be there refiled.

**Only Person Interested Can Raise Question of Insufficient Description.**

> The question of the sufficiency of the description of the property in a chattel mortgage is a question of law. When the description is good as between the parties, no one can raise the question of the sufficiency thereof, except some one who claims the protection of the law requiring chattel mortgages to be filed.

**Description Held Sufficient.**

> Description set forth in opinion *held* sufficient not only between the parties, but also as to purchasers, incumbrancers, and creditors.

Appeal from District Court, Richland County; *Lauder*, J.

Action in claim and delivery prosecuted by E. F. Wilson against John Rustad to recover the possession of a span of mules, wagon, and a harness. Plaintiff based his right to possession upon a note and chattel mortgage given by Charles Vail and Thomas T. Jones, of Day County, South Dakota, to him to secure the purchase price of this property. Defendant claimed to be an innocent purchaser without notice. Defendant had judgment upon a verdict in his favor, and plaintiff appealed.

Reversed.

*B. J. Howland*, and *McCumber & Bogart*, for appellant.

The defendant purchased the property from Hurb Vail, a person without title or right to possession; therefore, the question of defendants good faith, or the inaccuracy of the discription in plaintiff's mortgage or the question as to whether or not it was properly recorded, cannot enter into the case. *Eddy* v. *Caldwell*, 7 Minn. 225; *Brooks* v. *Aldrich*, 17 N. H. 443; *Mills* v.

*Kansas Lumber Co.*, 26 Kan. 574; *Smith* v. *McLean*, 24 Ia. 322; *Lawrence* v. *Evarts*, 7 Ohio St. 194; *Lee* v. *Cole*, 17 Oreg. 559; *Osborne* v. *McAllister*, 15 Neb. 428; *Stephens* v. *Tucker*, 14 N. J. L. 600; *Dodge* v. *Potter*, 18 Barb. 103; *Conkling* v. *Shelley*, 28 N. Y. 360; *Wade* v. *Strachan*, 71 Mich. 459; *Champin* v. *Cram*, 40 Me. 561; *Everett* v. *Brown*, 64 Ia. 420; *Harding* v. *Coburn*, 12 Metc. 333; 5 A. and E. Enc. L. 964.

*W. E. Purcell*, and *H. C. N. Myhra*, for respondent.

Appellant asserts for the first time in this court that defendants vendor came by this property unlawfully and without right of disposition. This case was tried upon the theory that it involved two questions only, viz: "Are the mules in question the same mules sold by Wilson to Chas. Vail?" and "Has plaintiff a mortgage upon them?" Questions not raised on the trial are not reviewable on appeal. *Pielke* v. *C. M. & St. P. Ry. Co.*, 6 Dak. 444; *Braithwaite* v. *Power*, 1 N. D. 455; *Little* v. *Little*, 2 N. D. 175; *Purcell* v. *Ins. Co.*, 5 N. D. 100, 4 Waits, Pr. 230. Appellate courts can not reverse because of an omission to charge upon a question which might have been raised, but was not on the trial, even although the same was fairly within the issue. *Doty* v. *Gillett*, 43 Mich. 203. A party cannot try his case on one theory and take chances of a verdict under it and then change his theory on appeal. *Burroughs* v. *Morse*, 48 Mich. 520; 1 Elliots Pr. 140. Asking instructions upon one theory precludes the party from availing himself of a different one. *Louisville, etc., Co.* v. *Wood*, 14 N. E. Rep. 572; *Doty* v. *Gillett*, 43 Mich. 202.

CORLISS, C. J. Plaintiff is seeking to recover possession of certain personal property by virtue of a mortgage executed thereon by the owners thereof. The mortgage was executed in South Dakota, where the property was then situated. Both the mortgagors and the mortgagee were at that time domiciled in that state. The instrument was filed in the proper office under the laws of that state. Subsequently the mortgaged chattels were brought to this state, and they were found in the possession

of the defendant, Rustad, at the time this action was commenced. There appears to have been a controversy on the question of fact whether the property taken from defendant, Rustad, in this action was the property described in the mortgage, but, inasmuch as there was another question which we think was erroneously submitted to the jury, it is impossible to determine from the verdict whether the jury found the issue as to identity against the plaintiff, or whether the jury did not base their verdict altogether on the question which should not, under the evidence, have been submitted to them. For the purpose of deciding this appeal, we must assume that the jury have found in plaintiff's favor on the question of identity, but have found against him on the other point. While there is some authority contrary to the doctrine, yet the great majority of the decisions hold that a chattel mortgage, under circumstances similar to those which exist in this case, continues to be a lien as to the whole world, although the property is taken to a foreign jurisdiction, and there disposed of. Jones, Chat. Mortg. § § 299, 301, 303; *Cobb* v. *Buswell*, 37 Vt. 337; *Jones* v. *Taylor*, 30 Vt. 42; *Taylor* v. *Boardman*, 25 Vt. 581; *Norris* v. *Sowles*, 57 Vt. 360; *Bank* v. *Lee*, 13 Pet. 107; *Mumford* v. *Canty*, 50 Ill. 370; *Hornthall* v. *Burwell*, (N. C.) 13 S. E. Rep. 721; *Keenan* v. *Stimson*, 32 Minn. 377, 20 N. W. Rep. 364; *Ferguson* v. *Clifford*, 37 N. H. 86; *Kanaga* v. *Taylor*, 7 Ohio St. 134; *Wilson* v. *Carson*, 12 Md. 54; *Smith* v. *McLean*, 24 Iowa, 322; *Martin* v. *Hill*, 12 Barb. 631; *Bank* v. *Danforth*, 14 Gray, 123; *Langworthy* v. *Little*, 12 Cush. 109; *Feurt* v. *Rowell*, 62 Mo. 524; *Simms* v. *McKee*, 25 Iowa, 341; *Ballard* v. *Winter*, 39 Conn. 179; *Cool* v. *Roche*, 20 Neb. 550, 31 N. W. Rep. 367; *Beall* v. *Williamson*, 14 Ala. 55; *Iron Works* v. *Warren*, 76 Ind. 512; *Barrows* v. *Turner*, 50 Me. 127; *Handley* v. *Harris*, (Kan. Sup.) 29 Pac. Rep. 1145; *Offutt* v. *Flagg*, 10 N. H. 47; *Hall* v. *Pillow*, 31 Ark. 32. If, therefore, it appeared in this action that the defendant was a bona fide purchaser from the mortgagors, or from some one to whom they had sold the property, still he would be chargeable with notice of the mortgage thereon, provided such property was therein described with

a sufficient accuracy. It is on the theory that he was such a purchaser that the District Court charged the jury that, if they found the description of the property in the mortgage so faulty and defective that such description would not enable a third party, aided by such inquiries as the mortgage itself would suggest, to identify the property, it would be void as to defendant. No such accuracy in description is required as between the parties. And an utter stranger to the title of the mortgagor certainly cannot be in a better position than is the mortgagor himself. If one without shadow of right as against the mortgagor takes possession of the property, he cannot be heard to object that the description is insufficient, so long as it is sufficient as between the parties. We are clear that the description in the mortgage in question was good at least as against the mortgagors themselves, and this is conceded by counsel for defendant. The defendant therefore cannot raise the point of insufficiency unless he purchased the property in good faith from the mortgagors, or some one to whom they had sold it. The law sends one who is about to buy chattels to the public records to ascertain if they are incumbered. If he finds there no mortgage, it cannot be set up as against his title. So, if he finds a mortgage with a faulty description, he is protected, because the record fails to give him notice of the lien. It does not point out with sufficient accuracy the particular property which the mortgage embraces. But the public record of a mortgage is not made for the benefit of one who in no manner connects himself with the title of the mortgagor as purchaser, incumbrancer, or attaching or execution creditor. The mortgage is good as to such a one without filing, and it is likewise good as to him though the description be defective. See Cobbey, Chat. Mortg. § 186. In this case we are unable to discover any evidence tending to show that defendant purchased the property from the mortgagor, or from one to whom they had sold it. When the plaintiff had shown the ownership of the property by the mortgagors, and their execution of the mortgage thereon to him, he had made out a case. It was then incumbent

on defendant to show that such mortgage was void as to him. All the evidence on that point in this record is that the property was in the possession of one Herb Vail, who sold it to defendant. Whether Vail had bought it from the mortgagors, or had authority from them to sell it, does not appear. Defendant is in no better position than Vail himself would have been had the action been brought against him before he had sold to defendant, and the only evidence in the case was that Vail had possession of the property. Such evidence would not overcome the case made by plaintiff, as it would have no tendency to show that Vail was an innocent purchaser of the property, and entitled as such to question the sufficiency of the description. The only question which should have been submitted to the jury was the question of identity. Indeed, even if we should assume that defendant was an innocent purchaser, we are unable to discover anything in the description of the property which would warrant a court in leaving the question of sufficiency of description to the jury as a question of fact. The property is described in the mortgage as follows: "One horse mule, three years old, color bay, weight about 950 pounds, named Jack; one mare mule, three years old, color brown or mouse, weight about 1,000 pounds, named Jennie; one mare mule, five years old, color mouse, weight about 800 pounds, named Maud,—all this day purchasd from the said E. F. Wilson, with all increase of same; all the said property being now in the possession of the said mortgagor in the County of Day and State of South Dakota." Such a description is good as against third persons. See Cobbey, Chat. Mortg. § § 170, 171, 178; *Bank* v. *Oium*, 3 N. D. 193, 54 N. W. Rep. 1034. See, also, cases cited in note to *Barrett* v. *Fisch*, (Iowa) 14 Am. St. Rep. 238, (s. c. 41 N. W. Rep. 310.) Whether a description is sufficient is a question of law, and not of fact. *Austin* v. *French*, 36 Mich. 199; *Bank* v. *Oium*, 3 N. D. 199, 54 N. W. Rep. 1034. This is assumed to be the law in every case. See the decisions reviewed in note to *Barrett* v. *Fisch*, (Iowa) 14 Am. St. Rep. 238, (s. c. 41 N. W. Rep. 310.)

The judgment is reversed, and a new trial is ordered.

WALLIN AND BARTHOLOMEW, J. J., concur in a reversal of this cause on the ground that the sufficiency of the description was a question for the court, and it was error to submit it to the jury, and express no views on other points discussed in the opinion.