# THE STUDEBAKER BROTHERS COMPANY
## v. MAU.

CONDITIONAL SALES — CONSTRUCTION OF CONTRACT — CONFLICT OF LAWS.

1. Whether a contract is to be construed as a conditional sale or a chattel mortgage must depend upon the intention of the parties, to be ascertained from all the language used in the contract, the circumstances attending the transaction and the conduct of the parties; and such a construction should be adopted as will, if possible, harmonize and give effect to all the terms and provisions of the contract without omitting or disregarding any of them.

2. Provision in a contract for the sale of personal property that the title or ownership shall not pass from the vendor until the full payment of the purchase price is inconsistent with the theory of an absolute sale and a mortgage back; and such contract is not necessarily constituted a chattel mortgage instead of a contract of conditional sale from the fact that it also obligates the purchaser to pay the purchase price, whether the vendor shall retake possession or not.

3. A contract made in another state between residents thereof, and where the property is then situated, should be construed as to whether a contract of conditional sale or a chattel mortgage according to the laws of the state where made.

4. A contract made in Utah between residents thereof, for the sale of personal property located and delivered in that state, provided that the title or ownership should not pass until full payment of the purchase price and interest, that the vendor should have full power to take possession when it deems itself insecure, even before the maturity of the note for the purchase price, and sell the property at public or private sale without notice, and apply the proceeds upon the note, or to endorse the true value upon the note without sale, and, further, that the purchasers should pay any balance as damages and rental, and that they would not sell or dispose of the property except on the written order of the vendor. *Held*, that the transaction was a conditional sale, for the reason (1) that such is the effect of the terms and conditions of the contract; (2) that such was the theory of both parties on the trial, and the de-

fendant requested and obtained an instruction to that effect; (3) that similar contracts have been so construed by the courts of Utah, where the contract was made.

5. Where a conditional sale of personal property is made in one state between residents thereof and where the property is then situated and delivered, without any agreement or intention that the property is to be removed to another state, and such contract is valid in the state where made, without filing or recording, against bona fide purchasers from the conditional vendee, and the latter, without the consent or knowledge of the vendor, removes the property to another state, and there sells it to a bona fide purchaser, such purchaser acquires only such rights as the conditional vendee had in the property; and the conditional vendor can recover it from such purchaser in the state to which it was so removed and sold, notwithstanding that the conditional sale would have been invalid for want of filing or record under the laws of such state. In such cases the *lex loci contractus* will govern.

[Decided March 28, 1905.]                    (80 Pac., 151.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Replevin by the Studebaker Brothers Company of Utah, a corporation, against Frank A. Mau. From a judgment for defendant the plaintiff brought error. The facts are stated in the opinion.

*B. M. Ausherman,* for plaintiff in error.

Where property is delivered under a conditional sale contract in Utah, where the contract is not required to be recorded, the vendor has the right to follow and take possession of his property wherever it may be found. It is held in a majority of the states that conditional sales are valid not only against the immediate purchaser, but also against his creditors and *bona fide* purchasers from him, unless the vendor has conferred upon his vendee *indicia* of title upon mere possession or the forfeiture of his rights in the property by conduct which the law regards as fraud-

ulent. (19 Fed., 760; 2 Kent's Comm., 497; Story on Sales, Sec. 313; Harkness v. Russell, 118 U. S., 291.) ·

Where personal property is sold in the State of Utah, with reservation of title in the vendor until the purchase price be paid, and, without the vendor's knowledge, the property is removed to Wyoming and sold to a *bona fide* purchaser, although the contract of sale is not recorded, the State of Utah not having a special statute for the recording of such contract, and contracts of that character being required to be recorded in this state, the purchaser within this state acquires no better title than that vested in the vendee, for the law of Utah must govern. (Harkness v. Russell, *supra;* Baldwin v. Hill, 46 Pac., 329; Weinstein v. Freyer, 12 L. R. A., 700; Bennett v. Tam, 62 Pac., 780; Redewill v. Gillam, 12 Pac., 872; Homans v. Newton, 4 Fed., 880; Mach. Works v. Lang, 68 Am. St., 675; Wire Co. Cases, 5 L. R. A., 300; 19 Fed., 760; Barrett v. Kelley, 44 Am. St., 862; Van Allen v. Francis, 56 Pac., 340; Rodgers v. Bachman, 42 Pac., 448; Drew v. Smith, 59 Me., 393; Mershon v. Moos, 76 Wis., 502; Page v. Urick, 72 Pac., 454; Hirsch v. Lumber Co., 55 Atl., 645.)

The statute pertaining to conditional sales in Wyoming applies only to the sale of property made within the state and does not place any restrictions upon contracts made elsewhere covering property brought into the state. Conditional sales are held valid in this state, and the title does not pass to the vendee until the conditions of the contract have been performed, and the contract is good as against third parties except as it may be brought within the statute providing for a record. (Warner v. Roth, 2 Wyo., 763; Bunce v. McMahon, 6 Wyo., 24; Furniture Co. v. Hotel Co., 11 Wyo., 128.) The court, therefore, erroneously instructed the jury with reference to the statute of this state.

*J. H. Ryckman* and *S. T. Corn,* for defendant in error.

The sale of the property in controversy by the original vendor to the original vendee was absolute, the reservation

of title being taken merely as security for the payment of the purchase price. The note given to the plaintiff by its vendee must be examined to ascertain the character of the transaction, as each case must depend upon its own special circumstances. (Andrews v. Bank, 20 Colo., 313; Palmer v. Howard, 72 Cal., 296; Hart v. Barney, 7 Fed., 543; Knittel v. Cushing, 57 Tex., 354; Herryford v. Davis, 102 U. S., 235; Chouth v. Stevens, 43 L. R. A., 277; Aultman v. Silha, 85 Wis., 359; Shaub v. Screven, 19 S. C., 446; Weaver v. Lapsley, 42 Ala., 601; Talbott v. Sandifer, 27 S. C., 624.) The phrasing of the contract is that of a chattel mortgage. The payee of the note may take possession whenever it "deems itself insecure." It had power to declare the note due and take possession of the property; and could then sell it at public or private sale without notice and apply the proceeds on the note. Those and other provisions are such as are usually found in chattel mortgages and scarcely a word or phrase is employed which tends to show that the sale was conditional. Again, the makers of the note are absolutely liable for the purchase price of the property, or, rather, absolutely liable upon the note, thus showing that the transaction was that of a chattel mortgage and not of a conditional sale.

It is not the policy of the law to encourage conditional sales, nor to construe as conditional a sale where the reservation is equivocal or doubtful, because an error which converts a conditional sale into a mortgage is less harmful than one which changes a mortgage into a conditional sale. (Steele v. Aspey, 128 Ind., 367; Mfg. Co. v. Carman, 109 Ind., 31; Douglass v. Moody, 80 Ala., 61; Hughes v. Sheaf, 19 Ia., 335; Hinkley v. Wheelwright, 29 Ind., 341; Niggler v. Marvin, 34 Minn., 118; Klein v. McNamara, 54 Miss., 90; Turner v. Kerr, 40 Mo., 31; Edwards v. Simonds, 65 Mich., 355; Greer v. Church, 13 Bush, 434; Perkins v. Bank, 43 S. C., 44; Matthews v. Sheehan, 69 N. Y., 585; Hubby v. Harris, 68 Tex., 91; Conway v. Alexander, 7 Cranch, 218; 6 Ency. Law, 442.)

If the sale is to be construed as a conditional one, then, as it was not filed with the County Clerk of the proper county in this state, it is not valid as against the defendant, who became a *bona fide* purchaser for value without notice. The rule is that where a sale is made in a state where conditional sales are not required to be recorded and the property is afterward removed to a state in which registration is required, the condition is changed as to third parties without notice unless recorded according to the laws of the latter state. (6 Ency. Law, 442; Hart v. Barney, 7 Fed., 543; Cunningham v. Cureton, 96 Ga., 489; Jones v. Molster, 11 O. C. Ct., 432; Wharton Conflict of Laws, Sec. 275; Story Conflict of Laws, Secs. 262, 390; Green v. Van Buskirk, 5 Wall., 310; The Marina Cases, 19 Fed., 760.) The enactment of our present Section 2837 in 1895 changed the rule announced by this court in Warner v. Roth, 2 Wyo., 63, and Bunce v. McMahon.

The language of the statute cannot be reasonably construed to refer merely to sales made within the state; it is too broad for any such construction. Every state has a right to regulate the transfer of property within its limits, and one who sends property into a state must submit to the regulations concerning its transfer enforced there, although a different rule may prevail there than in the jurisdiction where he resides. (Hervey v. Locomotive Works, 93 U. S., 664; Pullman Car Co. v. Pennsylvania, 141 U. S., 18; Warner v. Johnson, 21 N. W., 483; Dyer v. Thorsted, 29 N. W., 345; Talbert v. Horton, 31 Minn., 518.) The cases cited by the plaintiff in error are not in point. There is no provision in the contract prohibiting the removal of the property from Utah, and so there was no felonious taking of the property when it was taken into Wyoming.

BEARD, JUSTICE.

The plaintiff in error commenced this action in justice's court to recover the possession of a buggy. There was a trial to a jury, verdict and judgment for defendant Mau.

Plaintiff appealed to the District Court, where the case was tried to a jury, which resulted in a verdict for the defendant and judgment was rendered thereon against plaintiff, a motion for a new trial was denied, exceptions taken and plaintiff brings error.

The plaintiff claimed to be the owner and entitled to the immediate possession of the property by virtue of a written contract, which is as follows:

"30472.

"Idaho.                                         No. 19103.

"$130.00.        Salt Lake City, Utah, May 2, 1903.

"On or before the 2 day of December, 1903, for value received in 1 No. 806 World buggy, Carmine gear, whip cord trim, No. 14½ single harness, 1 whip and lap duster, hereafter called 'said property,' bought of Studebaker Bros. Co. of Utah, or either of us promise to pay to the order of said company, at its office in Salt Lake City, one hundred and thirty dollars, with 10 per cent interest per annum from date, 1903, until maturity, and if not paid at maturity the rate of interest shall thereafter be one per cent per month until paid, and reasonable attorney's fees, if placed in the hands of an attorney for collection.

"The express condition of this transaction is that the title or ownership of 'said property' does not pass from the said company until this note and interest shall be paid in full, and the said company has full power to declare this note due and take possession of said property, when it deems itself insecure, even before the maturity of this note; and it is further agreed by the makers hereof, that they will not sell or dispose of the said property except on the written order of said company. In case said company shall take possession of the said property it may at its pleasure sell the same at public or private sale without notice, and apply the proceeds on this note, or it may without sale endorse the true value of said property on the note, and..........
or either of us, agree to pay on this note any balance due thereon after endorsement, as damages and rental for said

property; as to this debt we waive the right to exempt, and property, real or personal, we now own or may hereafter acquire, by virtue of any homestead or exemption law, now in force or that may hereafter be enacted. I agree to pay 15.00 per month and cash 15.00 down.

"Postoffice Farmington. )..miles north. SAMUEL MAHAN. County c/o Bp. Secrest, )..miles south   HENRY SECRIST.
        Davis        )..miles east
   State       Utah.  )..miles west
                      )  of postoffice."

The defendant denied plaintiff's ownership and alleged that he had, in good faith, for a valuable consideration and without knowledge or notice of plaintiff's claim, purchased said property from Samuel Mahan in Uinta County, Wyoming.

The facts as they appeared upon the trial and as conceded by both parties are: that the plaintiff on May 2, 1903, sold and delivered to Samuel Mahan and Henry Secrist the property in dispute on the terms and conditions contained in the above recited contract; that nothing more was paid thereon than appears by the endorsements, being the sum of $45; that plaintiff was a Utah corporation doing business in Salt Lake City, Utah; that Secrist and Mahan were at the time residents of Utah; that the contract was made and the property delivered at Salt Lake City in said state; that some time thereafter, without the knowledge or consent of plaintiff, Mahan removed said property to Wyoming and about September 12, 1903, sold the same to defendant Mau, who purchased the same for cash and without knowledge or notice of plaintiff's claim; that plaintiff did not know that the property had been removed from Utah until about the time of the commencement of the action.

It is also admitted that the laws of Utah require chattel mortgages to be filed with the County Clerk to be valid as against *bona fide* purchasers, but that conditional sales are valid in that state without being filed, both as against creditors and *bona fide* purchasers.

Upon the trial, the court, at the request of defendant and over plaintiff's objection, gave the jury the following instruction : "The court instructs the jury that the sale of the property in controversy from the Studebaker Company to Mahan was a conditional sale, reserving in the vendor the title until the purchase price should be paid in full, and that the law of this state in regard to conditional sales is as follows:

"No sale, contract or lease wherein the transfer or title of ownership of personal porperty is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in possession, without notice, unless the same be in writing, signed by the vendee or lessee, and the original or a copy thereof filed in the office of the County Clerk of the county wherein the property is; said instrument so filed shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney, which shall set forth the names of the vendor or vendee, or lessor or lessee, with a description of the property transferred and the full and true interest of the vendor or lessor therein.   All such sales or transfers shall cease to be valid against the purchasers in good faith, or judgment or attaching creditors without notice at the expiration of one year from the date of such sale unless the vendor or lessor, shall within thirty days prior to the one year from date of such sale or transfer file a similar affidavit to the one above provided for in the office of said clerk, and the said vendor or lessor may preserve the validity of his said sale or transfer of such personal property by an annual refiling in the manner as aforesaid of such copy."

The giving of this instruction, it is claimed by plaintiff, was error.   The plaintiff requested the court to instruct the jury as follows:

"The court instructs the jury that if they find from the evidence in this case that conditional sale of this property was made to a party who was a resident of the State of Utah, and that there was a contract executed and delivered

by which the title to the property in question was to remain
in the plaintiff until full payment was made therefor,. and
that the purchaser thereafter brought said property into the
State of Wyoming without the knowledge of the plaintiff or
vendor, and sold the same to this defendant, that the plaintiff
by such action was not. deprived of its title or ownership
and is entitled to recover the property wherever it might
be found, and under such circumstances your finding should
be for the plaintiff."

Several other instructions to the same effect, but in dif-
ferent language, were requested by plaintiff and refused by
the court. The refusal of the court to so instruct is assigned
as error.

Two questions have been presented in the briefs and argu-
ments of counsel:

First—Was the transaction a conditional sale, or an ab-
solute sale with a mortgage back?

Second—If it was a conditional sale, was it necessary for
plaintiff to have complied with the statutes of Wyoming re-
quiring such contracts to be in writing and filed with the
County Clerk?

The proper construction of contracts of the character of
the one involved in this action is always attended with some
difficulty by reason of the narrow line of distinction between
conditional sale contracts and chattel mortgages; each case
depending upon its peculiar or special circumstances. The
intention of the parties is to control; and this is to be ascer-
tained from all of the language used in the contract, the
circumstances attending the transaction and the conduct of
the parties. Such a construction should be adopted as will,
if possible, harmonize and give effect to all of the terms and
provisions of the contract without omitting or disregarding
any of them. It is made an express condition of this con-
tract that the title or ownership of the property should not
pass from the company until the purchase price should be
paid in full. This was a condition to be performed before
the title should pass from the company and is entirely in-

consistent with the idea of an absolute sale and a mortgage back. In 6 A. & E. Enc. Law, 446, it is said: "When by the written contract of the parties it is expressly provided that the title to the property shall remain in the vendor until the purchase money is fully paid, and there is no reservation of a lien, the transaction is a conditional sale and not a mortgage," citing authorities. And in Mechem on Sales, Sec. 583, the learned author quotes with approval from Kimball & Co. v. Mellon, 80 Wis., 133 (48 N. W. R., 1110), as follows: "It is very difficult to see how a contract for the sale of personal property, in which it is agreed that the title of the property shall remain in the vendor, and the possession in the vendee, until payment of the debt, can be called a mortgage by the most liberal construction," citing a number of cases. In order to construe the contract in this case to be a mortgage, this plain and express provision must be entirely disregarded. On the other hand, counsel for defendant contend that other terms of the contract show it to be a mortgage, and that to hold that it is a conditional sale is to disregard such terms. It is argued that the obligation to pay the purchase price was absolute whether the company should retake possession of the property or not, and that that constitutes the transaction a sale with security back; and in support of that position they cite Andrews & Co. v. Bank, 20 Colo., 313; Palmer v. Howard, 72 Cal., 296; Hart v. Barney, 7 Fed., 543; and other cases in which that was held to be a controlling feature in determining the question, and the contracts were held to be mortgages. Mechem, in discussing the Colorado case and the others of like holding, says: "It is believed, however, that the doctrines here laid down are not in harmony with those generally prevailing elsewhere." Mechem on Sales, Sec. 579, and citing Kimball Co. v. Mellon, 80 Wis., 113 (48 N. W. R., 1100); Harkness v. Russell, 118 U. S., 663; Nickols v. Ashton, 155 Mass., 205, and many other cases, holding that such a provision in a contract is not inconsistent with retention of title in the vendor until full payment, and we think the weight of authority sustains that position.

The contract in this case is almost identical with the one in Harkness v. Russell, and that was held to be a conditional sale and not a mortgage. Other terms and conditions of the contract have been discussed, but we do not think they are in conflict with the views we have taken. This contract having been made in Utah, between residents of that state where the property was situated, should be, construed according to the laws of that state; and where similar contracts have been construed by the courts of that state, their decisions should have great weight in determining the character of this one. (22 A. & E. Enc. Law, 1342; Story on Conflict of Laws, Sec. 263.) In a very recent case, decided by the Supreme Court of Utah since the argument of this case, that court held a contract, which contained many more of the elements of a mortgage than the one under consideration here, to be a contract of conditional sale. The opinion is an elaborate one and considers the whole subject. (Freed Furniture & Carpet Co. v. Sorensen, 79 Pac., 564.) For still another reason we think this particular contract should be construed as we have construed it, and that is, because that was the construction placed upon it by both parties on the trial in the District Court. Plaintiff's theory was that it was a conditional sale; and it was at the request of defendant's attorney that the court instructed the jury "that the sale of the property in controversy from the Studebaker Company to Mahan was a conditional sale, reserving in the vendor the title until the purchase price should be paid in full, and that the law of this state in regard to conditional sales is as follows:" (giving the Wyoming statute). The subject of a mortgage does not appear to have been mentioned on the trial. We find no error in the construction placed upon the contract by the District Court.

Upon the other branch of the case it is admitted that the contract was valid in the State of Utah, not only as between the parties, but also as to *bona fide* purchasers from the conditional vendee and that such contracts were not required to be recorded or filed by the statutes of that state. But it

is contended by the defendant that, when the property was brought into this state, where such sales are invalid against a purchaser, without notice, unless the same be in writing, signed by the vendee, and the original or a copy thereof filed in the office of the County Clerk of the county wherein the property is, he acquired by his purchase a good title as against the plaintiff. This involves the question as to which law shall govern; the law of the state where the contract was made, or the law of the state where it is sought to be enforced. It has been held by most of the courts of this country, and we think with much reason, that, where, as in this case, a conditional sale of personal property is made in one state between parties residing in that state and where the property is then situated and delivered, and without any agreement or intention that the property is to be removed to another state, and such contract is valid, although not filed or recorded, in the state where made, against *bona fide* purchasers from the conditional vendee, and the conditional vendee, without the knowledge or consent of the vendor, removes the property to another state and there sells it to a *bona fide* purchaser, such purchaser acquires only such rights in the property as the conditional vendee had therein. And that the conditional vendor can recover the property from such purchaser, notwithstanding the fact that the conditional sale would have been invalid for want of filing or record under the laws of the state to which the property was removed and where it was sought to be recovered. Or, in other words, in such cases, the *lex loci contractus* will govern.

The rule is stated in Keenan v. Stimson, 32 Minn., 377, to be that the validity and effect of contracts relating to personal property are to be determined by the laws of the state or country where they are made, and, as a matter of comity, they will, if valid there, be enforced in another state or country, although not executed or recorded according to the laws of the latter. And the rule has been applied in a great number of cases to chattel mortgages, where the

mortgagor moves with the property into another state. And in Mechem on Sales, Sec. 649, it is said: "This rule has, with substantial unanimity, been applied to cases of conditional contracts of sale." See also 22 A. & E. Enc. Law, 1342, where cases are collected.

In Shepard v. Hynes, 104 Fed., 449, Judge Thayer, speaking for the Circuit Court of Appeals, says: "The general concensus of judicial opinion seems to be that when personal property, which at the time is situated in a given state, is there mortgaged by the owner, and the mortgage is duly executed and recorded by the mode required by the local law, so as to create a valid lien, the lien remains good and effectual, although the property is removed to another state, either with or without the consent of the mortgagee, and although the mortgage is not recorded in the state to which the removal is made." Citing: Hornthal v. Burwell, 109 N. C., 10 (13 S. E., 721); Smith v. McLean, 24 Ia., 322; Handly v. Harris, 48 Kan., 606 (29 Pac., 1145); Bank v. Morris, 114 Mo., 255 (21 S. W., 511); Kanaga v. Taylor, 7 O. St., 134; Langworthy v. Little, 12 Cush., 109; Whitney v. Heywood, 6 Cush., 82; Iron Works v. Warren, 76 Ind., 512; Fenrt v. Rowell, 62 Mo., 524; Cool v. Roche, 20 Neb., 550 (31 N. W., 367); Keenan v. Stimson, 32 Minn., 377 (20 N. W., 364); Offutt v. Flag, 10 N. H., 46; Lathe v. Schoff, 60 N. H., 34; Barrows v. Turner, 50 Me., 127; Hall v. Pillow, 31 Ark., 32; Mumford v. Canty, 50 Ill., 370; Ballard v. Winter, 12 Am. Law Reg. (N. S.), 759; Jones on Chat. Mortg. (4th Ed.), Sec. 260, which he says fully sustain that position, and that Michigan is the only state which does not so hold.

Defendant's counsel cite Hart v. Barney, 7 Fed., 543, but that case is not in point, for the reason that the agent of the defendant who made the contract knew that the cars were to be taken to another state. And in Cunningham v. Cureton, 96 Ga., 489, the property was in Georgia when the conditional contract of sale was made. The same was true in Green v. Van Buskirk, 5 Wall., 310, the assignment of

the property was made in New York, but the property was at the time in Chicago.

We think the District Court erred in giving the instruction complained of and in refusing to instruct as requested by plaintiff, for which errors the judgment of the District Court is reversed and the case remanded to said court for a new trial.                              *Reversed and remanded.*

POTTER, J., concurs.